<div style="text-align:right">ALBANY,
January, 1823.

ALLEN
v.
RIGHTMERE.</div>

<div style="text-align:center">Peremptory *mandamus* awarded.</div>

---

## ALLEN against RIGHTMERE.

THIS was an action of *assumpsit*, tried at the *Cayuga* Circuit, in *May*, 1822, before Mr. Justice *Platt*.   Lewis *Toan* made a note, dated *April* 2, 1818, by which, for value received, he promised to pay the defendant, or order, six hundred dollars, on the first of *April*, then next, with interest.   The declaration contained three counts : The first count was against the defendant, as endorser of the note, in the usual form : The second was upon his special guaran-

<div style="float:right; width:30%">Where the defendant, being the payee of a negotiable promissory note, endorsed it, in these words : " For value received, I sell, assign, and guaranty the payment of the within note to *John Allen,* or bearer :"</div>

*Held,* that this was an *absolute* engagement that the maker should pay the note when due, or that the defendant would pay it himself; and that the plaintiff was not, therefore, bound to prove a demand of payment of the maker, and notice of non-payment, as in case of an ordinary endorsement.

ALBANY,
January, 1823.

ALLEN
v.
RIGHTMERE.

ty endorsed on the note, in these words : " For value received, I sell, assign, and guaranty the payment of the within note to *John Allen*, or bearer." Signed, *Lewis Right-mere.*   The third count was for money paid, &c.

At the trial, the plaintiff proved the note and guaranty endorsed, and rested his cause.  The defendant moved for a nonsuit, on the ground that the plaintiff, before he could be entitled to recover on the note, must prove a demand of payment of the maker, and notice of the demand and non-payment to the defendant, as endorser.  The Judge was inclined to grant the nonsuit, but permitted a verdict to be taken for the plaintiff, subject to the opinion of the Court, on the question whether such proof was necessary.  The case was submitted to the Court without argument.

SPENCER, Ch. J. delivered the opinion of the Court. Proof of demand and notice of non-payment were not necessary.  The defendant's engagement is, in effect, that *Toan* should pay the note, or that he would pay it.   It is the duty of the debtor to seek the creditor, and pay his debt on the very day it becomes due.  As regards the maker of the note, and to render him liable, no demand is necessary.  A demand of payment is necessary only to fix an endorser or a surety, whose undertaking is conditional.  An endorser does not absolutely engage to pay.  It is a conditional undertaking to pay, if the maker of the note does not, upon being required to do so, when the note falls due, and upon the further condition, that the endorser shall be notified of such default.   The defendant insists that he stands in the situation of an endorser merely ; but such is not the fact.   The undertaking here is not conditional ; it is absolute, that the maker shall pay the note when due, or that the defendant will himself pay it.  In *Tillman* v. *Wheeler*, (17 *Johns. Rep.* 326.) and the cases there referred to, it was taken for granted, that upon a guaranty such as this, no demand or notice would have been necessary.  (12 *Mass. Rep.* 14.)

Judgment for the plaintiff.