O’Neale, J.
delivered the opinion of the Court.
There are three classes of the defendant’s guaranties: 1st the judgment; 2d. the unnegotiable note on Whitfield; 3d. three negotiable notes, past due.— The same rule, it appears to me, will govern the two first classes. The third will be subject to a different rule.
An assignment of an unnegotiable note, in the usual form, would not cast any liability on the assignor. The law merchant has no application to such a transfer ; and none of the rules which govern the indorsment of negotiable notes, or bills of exchange, can control the liability of the defendant. Judgments and unnegotiable notes, are made assignable by acts of our Legislature, so far as to enable the assignee to sue in his own name, which he could not do at common law. As the law creates no such liability on the assignor, from the act of assignment, as it does on the indorsor, from the act of indorsement; it follows, that the rules, regulating or discharging the liability of the indorsor, cannot have any direct application to the liability, which may be created by the con *59 tract of assignment. The contract to become liable immediately and without condition, or remotely and with condition, is, itself, the law of the case. In cases of general guaranties of unnegotiable securities which may be assigned, all that the law implies, as a condition to the assignor’s liability, is, that the assignee should, within a reasonable time, first seek payment from the party to the security, by the usual and ordinary means, by which payment is enforced, before he resorts to the guaran tie of the assignor. To this rule there are exceptions, as in cases where the maker is insolvent at the time of the assignment, or becomes so before the note or other security falls due; or where the maker,' before the note or other security is due, removes from and without the limits of the State. In the first of these exceptions, the insolvency of the maker dispenses with the necessity of an attempt to collect the debt by the ordinary means, a recovery at law, and process of execution; in the other, it is generally impossible to sue, and hence, in this case, no act of diligence is required to he done by the assignee, to satisfy the contract of guaranty. It is, by the existence of either of the facts, which constitute these exceptions, turned into an absolute contract to pay instead of the original party. For the law never requires a party to do any act which is either in vain or impossible.
The general rule which I have stated, it appears to e, is fully sustained by the case of Wilson v. Mullen, 2 M’C. 236. In that case the assignment was of an unnegotiable note, and was accompanied by a promise, to make the same good, if it was not. The assignee (or indorsee as he is called in the case) sued the maker to the first Court after it became due, but gave no notice to the assignor until nearly or about a year after the note was due. This was held to be sufficient diligence to charge the assignor on his contract of guaranty.
In that case, judge Nott in delivering the opinion of the Court remarks, “ as the note in this case was not a negotiable one, the assignor would have incurred no liability by an assignment in the usual form; he ap *60 pears ÍO have been aware of that, by the form which he *ias adopted. He has therefore undertaken, to use his own language, to ‘make it good,’ which will admit °f no other construction than that he intended to guarantee the solvency of the maker. All therefore that could be required of the indorsee was that he should first use the ordinary means to get. payment from the maker before he should resort to the indorser; that he has certainly done.”
From the case of Wilson v. Mullen it is seen that the circumstance of having sued as soon as possible, was held to be all the diligence which the contract required. It was a general guaranty, and the authority is therefore direct and immediate in the support of the rule which I have stated. The exceptions to the rule are sustained by the analagous case of Warrington v. Farber, 8 East, 242; in which it was held that the bankruptcy of the parties to the bill of exchange dispensed with the necessity of a demand from them.— Lord Ellenborough in that case says “the same strictness of proof is not necessary to charge the guarantors as would have been necessary to support an action on the bill itself, when by the law merchant a demand upon and refusal by the acceptors, must have been proved, in order to charge any other party upon the bill, and this, notwithstanding the bankruptcy of the acceptors, as was recognized in the argument of Russell v. Langstaffe. But this is not necessary to charge guarantees, who insure as it were the solvency of their principals, and therefore if the latter become bankrupt and notoriously insolvent, it is the same as if they were dead; and it is nugatory to go through the ceremony of making a demand upon them.” In this view of the law all the other judges concurred.— The case of Barret v. May, 2 Bail. 1, does not apply to this part of the case, for the guaranty there, was of a negotiable note, transferred before due.
In relation to the judgment, it is necessary to notice, that after stating the case, the amount due, including principal and interest, is set down, and under it is written, “for value received. I assign to B. *61 K. Benton or order the above case of John Gibson v. James C. Bellune and Henry Davis, amounting to $1664 40, and I do hereby guarantee the payment of the above sum and „the interest which may be due, to said B. K. Benton or order.” '
This is a guaranty of the solvency of the defendant in the judgment, and is subject to the implied condition, that the assignee should, within a reasonable time, seek payment from them by the usual and ordinary means, before resorting to the guarantor. This was complied with by the lodgment of a fi. fa. in the sheriff’s office, within nineteen days after the assignment, and the proof of the insolvency of Bellune by a discharge from an arrest under a ca. sa. on the case assigned, under the prison bounds act, the return of the fi. fa. against both nulla bona, and of the impossibility of arresting Davis under the ca. sa., or of making his pi-operty available, under the fi. fa. while he remained in the State. So far as this part of the case is concerned, the verdict is correct. The note upon Whitfield was not negotiable and was not due when transferred ; the guaranty on it was a general one; before it fell due the maker had removed from this State.— This rendered, prima facie any atttem.pt to collect it unavailing, and dispensed with the necessity of proving diligence; in this respect also, the verdict is correct.
This brings me to the third and last class of the defendant’s guaranties, the three negotiable notes which were negotiated and guarantied after due. In relation to negotiable notes, a general guaranty is in legal effect, an indorsement. The notes in this case were payable to bearer, the guaranties of them, as in the case of Eccles v. Ballard, 2 M’Cord, 389, must be regarded as new bills. But still, either an actual or constructive demand of payment from the maker and notice to the guarantor within a reasonable time, was necessary. In the case of Barrett v. May, 2 Bail, 1, the action was a general guaranty of a negotiable note, transferred before due, and it was held, that to charge the guarantor, the note ought to have been presented for payment at the expiration of the three days of *62 Srace after it was due, and notice of non payment ought to have been given to the guarantor, and for want of this proof that the plaintiff could not recover- After a review of all the authorities, on which it had been contended that neither demand nor notice was necessary to charge the guarantor, my brother Harper remarks, that “this would seem to settle that in such a case of guaranty, nothing short of actual bankruptcy or avowed insolvency, before the bill becomes due, can excuse the necessity of demand and notice.” The case of Barrett v. May, must be regarded as settling, that the same degree of diligence on the part of the guarantee is necessary to charge the guarantor of a negotiable note, negotiated before due, as would be in the case of indorser and indorsee. That case, however, reserves the question when the guaranty is of a note negotiated after it is due. Still however, in deciding the question which it reserves, I do not think that we ought to loose sight of the cardinal principle, on which it was decided, that a general guaranty of a negotiable note, is an undertaking to become liable, on condition that some diligence shall be used by the indorsee to obtain payment from the maker. To satisfy this principle in the case of a note negotiated after due, and guarantied by the indorser, a demand of payment from the maker and notice to the indorser, either actual or constructive, within area-sonable time, ought to be proved.
I am well 'satisfied that the institution of the suits on the notes, was a sufficient demand of payment from the makers ; and if it had been followed up by proof that the defendant knew of the institution of the suits, I think the jury might have been authorized to find for the plaintiff on them also. For as I understand the report, the suits were commenced within nine months after the notes were transferred; and this might have been within a reasonable time. For that is a question depending upon a variety of circumstances, and in the case of the indorsement of a note after it is due, is held to be properly referable to the jury. Eccles v. Ballard, 2 M’C. 390. Brock v. Thompson, 1 Bailey.
*63 In relation to the guaranties of the notes, notwithstanding the case, from 20 John. 365, which is certainly a direct authority in support of the view .of the judge below, I think he erred in instructing the jury that proof of demand and notice was not necessary to charge the guarantor. However highly I respect the authority of the New York Courts, and particularly the opinions of the able judge, who delivered the opinion in the case referred to, yet I cannot by such a cause be induced to depart from the decision of our own Court, sustained as it is by the authority of the cases decided in England.
The presiding judge below, ought to have submitted to the jury to decide ;
1. Whether there had been a demand of payment from the maker ?
2. If there was, then whether the defendant knew of it; and that payment had not been made ?
3. He ought to have advised the j ury that the institution of the suits was a demand of payment, and if the defendant knew of the institution of the suits, at or immediately after their commencement, it would be notice to him of a demand and refusal of payment; and that it was for them to decide whether each of these, upon a consideration of all'the circumstances, were within a reasonable time.
If the jury had been so instructed and advised, and they had found for the plaintiff, I think their verdict might have been sustained; but having been instructed that no diligence on the part of the guarantee was necessary to charge the guarantor of negotiable notes negotiated after they were due, the jury never passed on the question of diligence, and therefore the case must go back for the purpose of trying it.

Themotion for anew trial is therefore granted.