## TRUE vs. HARDING.

Where the plaintiff loaned money to A. B. at the request of the defendant, taking A. B's note for the amount, payable in two years, and the following special agreement of the defendant on the back of the note, *viz :* " I agree to secure the within note to H. T. out of or with a deed of a piece of land and water privilege situated," &c., " given to the said [defendant] by E. H." [maker of the note] — it was holden that this constituted a guaranty — and that the defendant was not entitled to *notice* of non-payment.

A writing, not under seal, signed by the heirs of the guarantor after his decease, the plaintiff being one of them, purporting to release a portion of the estate to one of the heirs, reserving enough to pay the note aforesaid, was held not to be proof of a *payment* of the note, or *satisfaction* of the liability aforesaid of the guarantor.

THIS was an action of *assumpsit* against the defendant as administrator on the estate of *Amos Barrett,* and was founded upon the following special agreement of the defendant's intestate,

written on the back of a note for $200, given by *Ebenezer H. Barrett* to the plaintiff and payable in two years from the 4th day of *July*, 1828.

" I agree to secure the within note to *Rev. Henry True*, out " of or with a deed of a piece of land and water privilege, sit- " uated in *Camden*, given to said *Amos* by *E. H. Barrett* of " *Camden.*"

The plaintiff proved by *Ebenezer H. Barrett*, though object- ed to by the defendant, that the consideration for the above pro- mise or agreement, was the loaning of two hundred dollars, by the plaintiff, to the witness, at the request of the defendant's in- testate ; and that the money was expended in erecting a paper mill on the land named in said special agreement.

It was admitted that the defendant's intestate died in 1829, and that the plaintiff demanded of the defendant, in the spring of 1832, payment or security, according to the terms of the agree- ment.

The defendant then introduced the following agreement in writing, which he relied upon as proof of payment, *viz.:* " In " consideration of a division of real estate of the late *Amos Bar-* " *rett*, deceased, among the heirs, and of mutual releases of the " same, we agree to release and quit-claim to *Ebenezer H. Bar-* " *rett*, an undivided part of the paper mill at *Camden*, to the " value of nineteen hundred dollars, according to the original cost, " on demand.　Reserving sufficient of said mill to pay *H. True's* " note.　　　　　　　　　　　　　　　" *Henry True.*

　　　　　　　　　　　　　　　　　" *Amos Barrett.*

　　　　　　　　　　　　　　　　　" *D. F. Harding.*

　" *Dec.* 27, 1830."

The defendant also contended, that there should have been a regular demand and notice on the day the note fell due.

On both points the presiding Judge ruled against the defend- ant, and he was thereupon defaulted.　If, in the opinion of the whole Court, this ruling was correct, the default was to stand, otherwise to be taken off and a new trial granted.

*Harding*, for the defendant, argued in support of the positions taken at the trial, citing *Read v. Cutts*, 7 *Greenl.* 190.

*Abbott*, for the plaintiff, also cited and relied on the case of *Read* v. *Cutts*.

WESTON C. J. — The consideration for the promise declared on, was the loan of the money to *Ebenezer H. Barrett*. The note itself shows that it was given, upon value received. As the promise of the intestate was made at the same time with the promise to the principal, it was supported and sustained by the same consideration. *Leonard* v. *Vanderburg*, 8 *Johns.* 38 ; *Dearborn* v. *Parks*, 5 *Greenl.* 81. The intestate promised to secure the note, which was given for money loaned at his request, and appropriated towards the erection of a building, the legal title of which was in him. To secure, is a term equally as strong, as if he had engaged to guaranty, and must be understood to have the same meaning. A promise to secure the note is a stipulation, that it should be paid, according to its tenor and effect. The guarantor knew the amount of the note, and when it was payable. He had undertaken to secure it, and had thereby engaged, that the principal should pay it, or that he would pay it himself. No notice from the plaintiff was necessary. *Norton* v. *Eastman*, 4 *Greenl.* 521 ; *Allen* v. *Brightman*, 20 *Johns.* 365 ; *Boyd* v. *Cleaveland*, 4 *Pick.* 525 ; *Read* v. *Cutts*, 7 *Greenl.* 186.

The intestate promised to secure the note, by and with certain real estate, of which he was the legal owner. This he was bound to fulfil ; or failing to do so, an obligation would rest upon him to pay the stipulated amount in money. If a party contract to pay a certain sum, at a time limited, in property specified, either real or personal, if he would avail himself of the privilege of so paying, he must take care to do it, or tender performance at the time. It is true, the intestate deceased, before the maturity of the note ; but that did not discharge his estate, or his representative, from the obligation he had assumed to the plaintiff. And as payment has not been made, an action may be maintained against the defendant for the amount of the note.

The written evidence introduced by the defendant, showing that there had been a division of the real estate of the intestate among his heirs, of whom the wife of the plaintiff was one, did not prove that the plaintiff had been paid. It appeared thereby,

that a part of the estate, referred to in the guaranty, was left undivided, and reserved for this purpose; but it has not been so applied, and still remains the property of the heirs.

*Judgment for the plaintiff.*