## ORAMEL PARTRIDGE *v.* ISAAC D. DAVIS.

There is no prescribed form of words necessary to be used, in order to constitute an indorsement of a promissory note.

A written guaranty of the payment of a promissory note, placed by the payee upon the back of the note for the purpose of negotiating it, whether with or without restriction, or with or without recourse, is the same, in legal effect, and for every practical purpose, as an indorsement, and may be treated as such.

And such indorsement will operate to transfer the legal title in the note to any subsequent holder, notwithstanding the person, to whom the note is first transferred, is not named in the indorsement, and it is not made, in terms, to order, or bearer.

And an indorsement thus made in the form of a guaranty will render the payee liable, as indorser, to any subsequent holder of the note, upon proof of the proper demand and notice.

And the maker of such indorsement is also liable as guarantor, without proof of demand and notice, if the note be not paid at maturity. DAVIS, J.

And such guaranty passes with the note, so that any subsequent *bona fide* holder has the right, as well against the guarantor, as against the maker, that appertained to the person, to whom the note was first assigned. DAVIS, J.

ASSUMPSIT. The plaintiff declared against the defendant, in the first count, as indorser of a promissory note, averring demand of payment and notice of non-payment, in common form. In the second count the plaintiff described the same note, and declared against the defendant as guarantor, averring non-payment by either the maker, or the defendant. Plea, the general issue, and trial by the court, June Term, 1847,—HALL, J., presiding.

On trial the plaintiff gave in evidence a promissory note for seventy one dollars, signed by James Willis, dated November 27, 1841, and made payable to the defendant, or his order, October 1, 1846, with annual interest; and also a writing upon the back of the note, signed by the defendant, dated December 25, 1841, which was in these words,—" I guarantee the payment of the within note." The plaintiff also proved, that he had used due diligence in presenting the note for payment, and that he had duly notified the defendant of its non-payment.

The defendant proved, that the plaintiff was merely a nominal party of record, and not the person to whom the note was originally assigned.

Upon these facts the court decided, that the plaintiff was not entitled to recover, and rendered judgment in favor of the defendant. Exceptions by plaintiff.

——— for plaintiff.

This case was decided, in the county court, upon the authority of the case of *Taylor* v. *Binney,* 7 Mass. 479. But in that case the plaintiff showed no presentment of the note for payment, nor notice to the indorser of non-payment. In this case we have proved both. In that case, also, the guaranty was conditional, while in this it is absolute. This sufficiently distinguishes the cases.

We contend, that an *absolute* guaranty is assignable, and is available to any subsequent indorsee, equally as to the first. An indorser becomes absolutely liable, on due presentment and notice. An indorser with *conditional* guaranty becomes liable, not on presentment and notice alone, but on the indorsee's compliance with some other condition specified in the guaranty. *Foster* v. *Barney*, 3 Vt. 61. *Smith* v. *Ide*, 3 Vt. 290. *Sylvester* v. *Downer*, 18 Vt. 32. But an indorser with *absolute* guaranty is absolutely holden, without any action of the indorsee. *Sanford* v. *Norton*, 14 Vt. 233. *Sylvester* v. *Downer*, 18 Vt. 32. Such indorsement is equivalent to an indorsement *waiving demand and notice,*—and that enures to the benefit of every holder of the note. *Upham* v. *Prince*, 12 Mass. 14.

*L. B. Vilas* for defendant.

The guaranty indorsed upon the note is a special contract between the defendant and the person to whom the guaranty was given. It does not partake of the negotiable character of the note, and a suit upon it cannot be maintained in the name of the present plaintiff. *Lamourieux* v. *Hewit*, 5 Wend. 307. If, then, the plaintiff can claim to recover at all, he must be permitted to treat the note as indorsed in blank, and to supply his own name as indorsee. But this is an indorsement already completed by the indorser, and cannot be altered, or amended. The facts proved show, that the plaintiff was not the original assignee of the note; and if it were the intention of the parties, that the indorsement should amount, not only to a guaranty, but a transfer, of the note, the present action must fail; for there is no proof, that there was ever any subsequent privity between the guarantor and the plaintiff.

The opinion of the court was delivered by

DAVIS, J. The plaintiff, in his first count, seeks to charge the defendant as the indorser of Willis' note, declaring in the usual form, and averring demand of payment of the maker and notice of dishonor. In the second count the defendant is sought to be charged as absolute guarantor of the note; and in this count the written contract on the back of the note relied upon is incorporated, bearing date about one month subsequent to the date of the note, and in these words,—" I guarantee the payment of the within note." There

is no allegation of any demand on Willis, or notice of non-payment. If, upon either of these counts, in connection with the evidence introduced on both sides, the plaintiff has made out a substantial cause of action, the ruling of the county court was erroneous, and a new trial must be granted.

The plaintiff's counsel, in argument, have chiefly relied upon the first count.

It is apparent, that the contract in question is not in the usual form of a full or complete indorsement,—which, whether restrictive, or not, gives the name of the indorsee; and, being put into its present form by the defendant himself, it is of course not a blank indorsement. Neither the plaintiff, nor the person from whom he received it, has added, or seeks to add, any thing to it, or take any thing from it. To whatever questions it may give rise, as to the extent of the responsibilities accruing from it, and as to the persons who are invested with the right to enforce them, there can be no doubt, that it is adapted to effect one of the purposes of an ordinary indorsement, that is, to transfer to the person, whoever he was, who received it, together with the note, title to and property in the latter; so that in equity, if not legally, he might demand, enforce and receive payment from the maker. As there is nothing restrictive in it, upon the ordinary principles applicable to this subject, any *bona fide* holder of the note becomes invested with the same rights. Chit. on Bills 136. Story on Prom. Notes, § 139.

Now all elementary writers are agreed, that no prescribed *formula* need be observed, to constitute an indorsement. It is governed, like the instrument on which it is made, by those liberal principles of construction, which pervade all mercantile contracts, paying little attention to mere technical rules, but endeavoring to ascertain and carry into effect the real intentions of the parties to them. Hence the mere writing of the name of the payee on a negotiable note, accompanied by delivery to a third person, which, as observed by PHELPS, J., in *Barrows* v. *Lane et al.*, 5 Vt. 163, itself means nothing and imports no contract, is, by mercantile usage, allowed to assume all the elements of a definite legal contract, and, by the aid of parol proof of the purpose and intentions of the parties, may be made to assume the forms of a contract widely diversified. An indorsement may be in blank, in full, absolute, restrictive, qualified,

or conditional, and yet retain the same general name, and, for some purposes, be adapted to the same object. It is usually put upon the back of the note, or bill,—as the name implies; but this has been held not to be essential; it may be upon its face, upon a paper attached, with pencil, as well as ink, or by initial letters. *Folger* v. *Chase*, 18 Pick. 63. *Geary* v. *Physic*, 7 D. & R. 653. *Merchants' Bank* v. *Spicer*, 6 Wend. 443.

From the latitude of interpretation now allowed every where, there seems to be little reason to discriminate between an indorsement and a guaranty of mercantile paper, where a negotiation is intended. The main purpose is the same in both; the like consideration, with a view to recursive remedies, is necessary in one case, as in the other, and no circumstances of restricted or conditional liability, depending upon demand and notice, have any special application to one, rather than the other. The term *guaranty*, indeed, has a far more extensive signification, and is applied to engagements to become responsible for the debts or acts of third persons generally, for the purchase of goods, past, or future, the payment of debts, existing, or to be contracted. In any of these senses, it has nothing to do with the point now under consideration. I speak only of a contract like the present, placed upon a negotiable note by the payee thereof, for the purpose of negotiating it, with or without restriction, with or without recourse. Thus viewed, it is the same thing, in legal effect, and for every practical purpose, as an indorsement, and may be treated as such. It is to receive a liberal and reasonable construction, according to the ascertained or presumed intention of the parties to it. Here it is not questioned, that the defendant, at the time he executed this writing, received a proper consideration for it, and intended to assign and transfer to the person, from whom he received the consideration, the whole title and interest in the debt due from Willis; adding an express stipulation of his own, that Willis should pay the amount.

Waiving, now, the question, whether a subsequent *bona fide* holder of the paper can enforce this express stipulation, or whether, like all contracts at common law, it was incapable of assignment, what is the effect of such negotiation, in respect to a transfer of the legal title to the paper? Has a second or third holder no legal right, as against the maker, which he can enforce in his own name? While

Partridge *v.* Davis.

it is conceded to have the ordinary effect of an indorsement, so far as the first assignee is concerned, what reason can be assigned, why the same result should not attend its subsequent transfer to any other person? There are no restrictive words. A blank indorsement, a full indorsement to A. B., an indorsement waiving demand and notice, and an indorsement without recourse, would all clearly have that effect. Why should not this, which is, in effect, the third case above supposed?

In this aspect of the question, no weight can be attached to the circumstance, that the name of the person, to whom the transfer was directly made, is not inserted. If such person himself is to be deemed possessed of any of the rights of an indorsee, as it is agreed he is, though not named, what principle or rule of the commercial law, or any law, requires a discrimination upon that ground? If any argument can be drawn from the omission, it is assuredly against the idea, that the negotiation was intended to be restricted.

Assuming, then, the proposition, that for all purposes, except that of calling upon the indorser to make good his contract in the contingency contemplated by it, this instrument draws after it, in the hands of the plaintiff, all the ordinary incidents of an indorsement, what reason can be urged, why the defendant should not be holden to the responsiblilities resulting from a simple, unrestricted indorsement, to wit, the payment of the debt, upon proof of the proper demand and notice? If it have any effect as an indorsement, why not give it full effect as such? The defendant surely cannot complain, that he is relieved from a superadded clause in the contract, which merely dispensed with preliminary formalities, with which the plaintiff now shows he has complied.

Authorities are not wanting, to sustain this view of the subject. In *Upham* v. *Prince*, 12 Mass. 14, we have an indorsement similar to the one in question, except that payment was guaranteed in eighteen months. The person was not named, to whom the guaranty was given; but in evidence it was shown to have been one Faulkner, and that he transferred the note to the plaintiff Upham. The court declined expressing any opinion, whether the entire contract, as an absolute undertaking to pay the debt, enured to the plaintiff, by virtue of the transfer to him; but they held, that at least it carried with it title to the note, like an ordinary indorsement, and sub-

Partridge v. Davis.

jected the defendant to the same liabilities. Such demand and notice being proved, as, under the circumstances of the case, the court deemed sufficient, judgment passed for the plaintiff. This is an authority exactly in point. Story on Prom. Notes, 2d Ed., 166, n. 3. Judge Story, in his Treatise on Bills of Exchange, sec. 214, incorporates this doctrine into his text,—although he is inclined to give to the indorsee the full benefit of the guaranty; but at all events, he adds, such a holder has a right to avail himself of such a guaranty, as an indorsement, as the negotiability is left unrestrained.

Perhaps the case of *Taylor* v. *Binney*, 7 Mass. 479, may be considered as at variance with the case of *Upham* v. *Prince*; indeed, it seems generally to be so considered. If the case is fully and corectly reported, there is no necessary conflict between them. The guaranty, or indorsement, is substantially the same, except that it required exertions on the part of the holder to collect of the maker the note, and, if unsuccessful at the end of six months, the guarantor became liable. No attempt is made to put the case on the ground of an indorsement, as in *Upham* v. *Prince*,—probably for the reason, that there was no proof of notice. The declaration sets forth efforts by suit to collect of the maker, Fales, and notice to the defendant. The case shows, however, no evidence upon this last point; there could, of course, have been no recovery upon the principles of the case of *Upham* v. *Prince*. SEWALL, J., observed, that the special guaranty was the sole ground, on which the suit could be sustained, or was attempted to be sustained. The guaranty named no person; but it was made to one Thompson, who sued the principal and collected a portion of the debt, and then transferred the note to the plaintiff,— whether upon a consideration received, or not, did not appear. The court seem to have been influenced mainly by this last consideration, taken in connection with the fact, that his name did not appear on the paper. It is added, however, that the guaranty, taken independent of the note, is a promise not negotiable, being conditional, and not absolute.

In New York, where the subject has undergone much and able discussion recently, in numerous cases, a guaranty of this kind is regarded as absolute, not conditional, and, when made by a person other than the payee, the contract is treated as a note, requiring no statement of a consideration and no notice of non payment. *Hunt*

64

Partridge *v*. Davis.

v. *Brown*, 5 Hill 145. *Manrow* v. *Durham*, 3 Ib. 584. *Lequeer* v. *Prosser*, 1 Ib. 256. *S. C.*, in error, 4 Ib. 420. *Allen* v. *Rightmere*, 20 Johns. 365. *Hough* v. *Gray*, 19 Wend. 202. The supreme court of New York, in the case of *Watson's Ex'rs* v. *McLaren*, 19 Wend. 557, where the great question was, upon the effect of a guaranty, written, not upon the note, but upon a paper disconnected with it, intimated, that, if it had been upon the note, it might be regarded as an indorsement merely. It was very nearly in the words of the one in question, though not by the payee. The case of *Upham* v. *Prince* was cited by counsel, and adverted to by the court in terms of approbation. In *Legget* v. *Raymond*, 6 Hill 639, this idea was fully carried out, and an indorsement, literally the same as the present, except that *this* was used instead of *within*, to designate the note, was held to charge the defendant on demand and notice. The suit, as here, was in the name of a person other than the first assignee.

We are disposed to decide this case upon these principles. We think the form of the contract clearly shows an intention to give currency to the note ; there are no words restricting the benefits of it to the person to whom it was immediately negotiated. The plaintiff, therefore, as well as the person from whom he received it, is not only entitled to treat the security as his own, as against the maker, but as against the indorser also, having a right to the remedies incident to an indorsee.

But the question involved in this case, under the second count, is one of so interesting a character, and has elsewhere elicited so much able discussion, that I cannot forbear suggesting the result of my own examination of it. That count proceeds upon an absolute, unqualified guaranty of the payment of the note of Willis, naming no person to whom the guaranty was given, not being to the order of any one, or bearer, and not being restricted by any words, indicating an intention to confine the remedy upon it to the person, whoever he was, to whom it was given ; and the count contains no averments of demand and notice.

Two questions here arise ;—1. Can the action be sustained without demand and notice ? 2. Is the guaranty negotiable, so that any *bona fide* holder has the same rights, as well against the guarantor, as against the maker, that appertained to the person, to whom the

note was first assigned? Although on neither of these questions is there an entire uniformity and harmony of views, among elementary writers, and in the adjudged cases, yet I am entirely satisfied, that the weight of authority, as well as of reason and argument, is with the plaintiff on both. The general usage and understanding among mercantile men and men of business every where unquestionably support the same conclusion. I shall content myself with a brief reference to a few of the very numerous American cases, with which our reports are filled.

In *Sylvester v. Downer*, 18 Vt. 32, it was observed by the Chief Justice, that a guaranty, that the maker of a note should pay it when due, or at any given time, &c., was uniformly held to be an absolute undertaking ; and that in such case neither demand, or notice, was necessary. In that case the guaranty was of a note payable to the defendant, made by one Strong, that it should be *good and collectable*, and was held to require exertions to collect it of the maker, and notice. In *Smith* v. *Ide*, 3 Vt. 290, the guaranty was not upon the note, but, as in *McLaren* v. *Watson's Ex'rs*, above referred to, was on a separate paper, and was in these words,—" I will *warrant* him to pay according to his agreement. The principal was one Gilmore, who had given his note the day before the guaranty was signed. The defendant's undertaking was held to be unconditional, requiring neither demand nor notice. In *Knapp* v. *Parker*, 6 Vt. 642, the guaranty of a note, given to the plaintiff by one Tilton, was by an indorsement in blank, with a verbal promise, or guaranty, that he would pay the debt. There was evidence of notice of non payment, but at what time did not appear. The court held, that no notice was necessary. In *Breed* v. *Hillhouse*, 7 Conn. 523, the words were,—" I hereby guaranty the payment of this note within four years from this date. This was held to be absolute. In the previous case of *Sage* v. *Wilcox*, 6 Conn. 81, where the opinion of the court was pronounced by the same learned judge, Ch. J. Hosmer, the guaranty was in the same words, except being for one year instead of four; and yet the decision was different. I confess, I cannot reconcile the language and course of argument, adopted in this case, with those made use of in the above case from the 7th Conn. In this case of *Sage* v. *Wilcox* two of the judges, Peters and Lanman, dissented. See *Upham* v. *Prince*, above cited. *Beck-*

*with* v. *Angell,* 6 Conn. 315, is to the same effect as *Breed* v. *Hill-house,* and was determined by the Supreme Court of Errors, the next month after that of *Sage* v. *Wilcox,*—which was in the same court. *Campbell* v. *Butler,* 14 Johns. 349. *Nelson* v. *Dubois,* 13 Johns. 175. *Herrick* v. *Carman,* 12 Ib. 159. *Josselyn* v. *Ames,* 3 Mass. 274.

Chief Justice SPENCER, in *Allen* v. *Rightmere,* 20 Johns. 365, points out briefly the distinction between the liabilities of indorsers, and those of guarantors. In that case the words were, "I sell, assign and guarantee the payment of the within note," &c.,¡and they were held to constitute an absolute undertaking. *Tillman* v. *Wheeler,* 17 Johns. 326. In *Tenney* v. *Prince,* 4 Pick. 385, which was a blank indorsement, the evidence shewed, it was not made at the time of the execution of the note; it required a consideration, therefore, and Ch. J. PARKER said, that, on such proof being furnished, it might be treated as a guaranty, inferring, from the time and circumstances, that it was a guaranty, that payment should be made when due. In *Sumner* v. *Gay,* 4 Pick. 311, the indorsement was in blank. The defendant was sued as maker and as guarantor. There were no such demand and notice, as are necessary in indorsements. Judgment was rendered for the plaintiff; but no reasons were given. A simple blank indorsement cannot be converted into a guaranty, unless upon proof, that such was the agreement of the parties,—or, what will be considered as equivalent, circumstances, showing that a guaranty must have been intended. The non-negotiability of the note is such a circumstance. *Hall* v. *Newcomb,* 3 Hill 233. *Seabury* v. *Hungerford,* 2 Ib. 84.

In Massachusetts they do not adopt the idea, that a guarantor can be sued as a maker of the note, which prevails in New York; and even in cases of absolute guaranties, the guarantor will be discharged, if the debt be lost by giving new time, or unreasonable delay. *Oxford Bank* v. *Haynes,* 8 Pick. 423. Here the contract was in the precise words of the present, but the defendant was not the payee of the note. In Maine guarantors are generally held liable, without demand and notice. *Scofield* v. *Haley,* 9 Shep. 164.

The point remaining is, was the contract negotiable? On this there seems as little room for doubt, as on the other. Judge STORY, on consideration of the most recent cases in New York and else-

where, pronounces in favor of the doctrine, that in cases like the present, upon every intention of the parties, as well as upon general convenience, the guaranty ought to be held available to every successive holder of the note, or bill. Story on Bills, § 458. W. W. Story comes to the same conclusion. Story on Prom. Notes, § 483. The opinion of Senator VERPLANCK, in the Court of Errors, in the case of *McLaren* v. *Watson's Ex'rs*, 26 Wend. 425, is altogether so full and satisfactory on this question, that I think few will doubt the soundness of his conclusions,—at all events, in reference to indorsements actually made upon the note. Whether equally convincing, or not, in applying the doctrine of negotiability to a written contract, not upon or connected with the note, to which it refers, it is unnecessary here to inquire. *Miller* v. *Gaston*, 2 Hill 188. The case of *Lamourieux* v. *Hewit*, 5 Wend. 307, in error, is an authority the other way. It was a guaranty by a third person, not by the payee. In *Reed* v. *Garvin*, 12 S. & R. 100, a guaranty, on a bond given by the assignor, was held to run with it, into whosesoever hands it might come.

I am of opinion, that the plaintiff states a good ground of action in his second, as well as in his first, count.

The judgment of the county court is reversed, and a new trial granted.