Mr. Chief Justice Sharkey
delivered the opinion of the court.
This action was founded on an instrument in the following words: “Mr. Isaac Chrisman, I will guarantee the payment to you of six hundred and twenty-five dollars, in treasury warrants, to be paid on or before the 20th day of August, on and for account of Mr. James Wade. July 13, 1844. James E. Mathews.”
The declaration contains seven counts. The plaintiff, however, discontinued as to the second, third, sixth, and seventh counts, and the • demurrers to the others were overruled, and the case comes up to test the correctness of the decision overruling the demurrers.
The first count sets out the-instrument, and avers, that thereby defendant became liable to pay according to the tenor and effect of the instrument, and his failure to do so. The fourth count also sets out the instrument, and avers that it was then and there delivered by defendant, in consideration that the plaintiff did then and there, at the special instance and request of defendant, loan and advance to the said James Wade the sum' of six hundred and twenty-five dollars, in treasury warrants, by means whereof defendant became liable, &c. The fifth count avers that Wade was then and there indebted to the plaintiff in the sum of six hundred and twenty-five dollars, in treasury warrants, and that defendant, in consideration of the indebtedness, and of forbearance until the 20th of August, made his written promise to pay the sum specified on the 20th of August, for and on account of said Wade. It also avers that the forbearance was given, that Wade has not paid, and that defendant had due notice, whereby he became liable, &c.
The objection to the first count, set down as cause of demurrer, is, that it avers no facts showing defendant’s liability, nor does it contain any averment of a promise. The causes of de *597 murrer to the fourth count are, that it states no cause of action, no consideration, and contains no averment of an assumpsit; and to the fifth count the same causes were assigned.
The case might very well be made to rest on the sufficiency of the fourth count, which certainly contains a statement of a good cause of action. It sets out the contract as an entire' transaction, consummated at the same time the loan was made, in consideration of which loan, the defendant then and there executed the instrument. The contract set out is this: Mathews says to Chrisman, if you will loan Wade $625, I will give you my written promise to pay it by the 20th of August; whereupon the loan was made, and the written promise given. It certainly requires no argument to prove that Chrisman could recover on such a contract. But it is believed that the demurrer was also misconceived as to the other counts.
The case has been elaborately argued for the plaintiff in error, on the construction of the contract. It has been insisted, that it is a commercial guaranty, and, as such, that it was incumbent on the party to whom it was made to give notice of its acceptance, and also to give notice of non-payment by the debtor. A guaranty, says chancellor Kent, in its enlarged sense, is a promise to answer for the payment of some debt, or the performance of some duty, in the case of the failure of another person, who. in the first instance is liable. 3 Kent, 121. This definition, seems to cut off the inquiry at the threshold, inasmuch as no indebtedness of Wade is shown by the pleadings, or by the contract. It was an agreement to pay on account of Wade, but whether on account of a pre-existing debt, or a debt which was to be contracted by Wade, does not appear; nor does it appear whether Wade is liable at all. Proof might have shown such a case, but certainly the pleadings do not. Reference is made to a class of cases which establish the principle that in commercial guaranties notice of acceptance and of non-payment must be given, to the guarantor, but no case is cited which holds an instrument like this to be such a guaranty. The case cited from 5 Peters, 624, 'was on a letter of credit addressed by a merchant in Charleston to a mercantile house in Havana, in favor of one *598 about to sail for the island of Cuba for purposes of speculation. It was but an authority to give credit in future; and the case in 7 Peters, 113, was of a similar character, addressed by certain citizens of this state to a commercial house in New Orleans, to aid the party, in whose favor it was drawn, in his business operations, by extending to him credit and cash advances. The case in 10 Peters, 482, was also on a letter of credit, guaranteeing the payment of a debt to be thereafter contracted, in case credit should be given. The declaration averred that a draft was drawn by the person in whose favor the letter was given, and accepted on the strength of the guaranty. In such cases it was held, that notice of acceptance was necessary; and the case in 12 Peters, 207, was aíso on a letter of credit, addressed to a person, and authorizing future credit to be given. The case only decides, that in such cases notice must be given of the acceptance of the guaranty, and that credit has been given on the strength of it. The case of Allen v. Rightmere, 20 Johns. 365, is cited, but it certainly goes to establish a doctrine that defeats the purpose for which it was cited. It was an action on a guaranty of payment of a promissory note, in these words indorsed on the note: “ For value received, I sell, assign, and guaranty the payment of the within note to John Allen or bearer.” It was held that proof of demand and notice was not necessary, because it was an absolute undertaking that the maker should pay the note. The case in 5 S. & M. 347, was also on a letter, Undertaking to become responsible in case certain credit should be given; there it was held that notice was necessary. The principle decided by these cases is too well settled to be doubted; it is admitted to the fullest extent. But is the contract here sued on a letter of credit? Certainly not; it bears no resemblance to a commercial guaranty. It is not an undertaking to be responsible for a debt to be afterwards contracted, or that another will pay a debt already existing ; but it is an original and primary undertaking to pay a certain sum on a certain day. It is not a collateral undertaking, .but a contract rvith the payee, and no notice of any kind was necessary. In support of this position, the following authorities are cited. *599 Allen v. Rightmere, 20 Johns. 365; Thrasher v. Ely, 2 S. & M. 139; Wren v. Pearce, 4 Ib. 91; 3 Kent, Comm. 121-123; 19 Wend. 202; 2 Hill, 188.
But even if it was but a guaranty, it would fall within the exception to the general rule, because it was a guaranty to pay a particular sum at a given time. It was not an indefinite promise either as to amount ox time of performance. The party knew what he had contracted to pay, and when it was to be paid; and it was his business to see that the amount was paid. The declaration then is sufficient, and the judgment must be affirmed.