ENOS HALBERT *et al.* v. W. L. ELLWOOD.

1. PROMISSORY NOTE — *When Negotiability Not Lost.* A negotiable promissory note payable to bearer does not lose its negotiable character by the payee indorsing it payable to a third person, omitting the words "or order;" nor by an indorsement in blank by such third person, preceded by a guaranty of payment and waiver of protest.

2. PRESUMPTION — *Fraud* — *What Makers Must Allege and Prove.* The holder of a negotiable note so indorsed is presumed to have acquired the same in good faith before maturity, free of all equities and defenses that may exist between the makers and payee. Before the makers of such note can defend against the holder, on the ground of fraud or want of consideration in the inception of the note, they must allege and prove that he is not a *bona fide* holder, or that he took the note after maturity.

MEMORANDUM.—Error from Mitchell district court ; CYRUS HEREN, judge. Action by W. L. Ellwood against Enos Halbert and others to recover upon a promissory note. Judgment for plaintiff. Defendants bring the case to this court. Affirmed. The opinion, filed July 6, 1895, states the material facts.

*A. W. Hicks*, and *Stevens & Stevens*, for plaintiffs in error.

*A. H. Ellis*, and *F. T. Burnham*, for defendant in error.

The opinion of the court was delivered by

GARVER, J. : This was an action brought by Ellwood against the plaintiffs in error to recover upon a negotiable promissory note, given by them, and payable to one J. E. Rogers, or bearer. Upon the back of the note are the following indorsements :

"Pay the within note to C. W. Culp.

"J. E. ROGERS."

"For value received, I hereby guarantee the pay-

ment of the within note at maturity, or at any other time thereafter, and hereby waive protest, demand, and notice of nonpayment.          C. W. Culp."

In his petition, the plaintiff alleged the execution of the note by said makers, the transfer of the same by indorsement and delivery to himself before maturity, and that he was the owner and holder thereof  The answer of defendants contained two defenses ; the first, denying that Ellwood was the owner and holder of said note, and alleging that C. W. Culp was the owner and the real party in interest in the subject-matter of the action.   The second defense referred to and made the first defense a part of the second, and alleged that C. W. Culp, and not J. E. Rogers, was the real party in interest in the transaction in which said note was given ; that J. E. Rogers, as payee, took said note as a mere agent or representative of Culp ; that Rogers never had any real interest in the note, and that there was fraud and want of consideration in its inception. Trial was had by jury, the defendants below assuming the burden of proof.   Evidence was introduced by them tending to prove the second defense of their answer, except that there was no evidence tending to show that the plaintiff was not the real owner of the note.   The court sustained a demurrer to defendants' evidence, and instructed the jury to return a verdict for the plaintiff, which was done, and judgment thereon entered.   Defendants' motion for a new trial being overruled, exceptions were properly saved, and they bring the case to this court, alleging error in the ruling of the court sustaining the demurrer to the evidence, and directing a verdict for the plaintiff.

The decision of the court below turned upon the question of the negotiability of the note sued on when it came into the hands of the plaintiff.   The defend-

ants insisted, and still insist, that the indorsements upon the note destroyed its negotiability; and that, as the plaintiff alleged the transfer to him by such indorsements and delivery thereunder, he must be held to have acquired the note subject to the equities existing between the original parties to the note. On the other hand, it is claimed that the note at all times retained its negotiable character, and that, in the absence of evidence to the contrary, it will be conclusively presumed that the plaintiff is a *bona fide* holder for value before maturity. There is no issue made by the pleadings as to whether or not Ellwood became a *bona fide* holder and owner of the note before maturity, without notice of equities or of want of consideration. So far as the matter of ownership goes, the issue is joined upon the broad allegation of defendants' answer, that C. W. Culp, and not Ellwood, is the owner of the note, and the real party in interest in the subject-matter of the action. If the testimony tends to show that the note was either not owned by Ellwood, or was not negotiable in his hands, the demurrer to the evidence should have been overruled. But there was no evidence whatever offered by the defendants tending to show that Ellwood's connection with the note was other than what the law presumed it to be from his production of it at the trial. Hence, the ruling of the court was correct so far as the first defense was concerned. As the case thus stood, Ellwood was the conceded owner of the note; therefore, if it came into his hands clothed with the immunities of negotiable paper, the evidence of fraud in the inception of the note or want of consideration raised no defense as to him. That the note was negotiable, we think is beyond question. Payable in the first place to bearer, it requires something stronger than either

7—APP.

of the indorsements on the note to strip it of its nego-
tiable character. The first indorsement, "Pay the
within note to C. W. Culp," is an indorsement in full
with the same legal force and effect as if made to C.
W. Culp, or order. A similar indorsement was con-
sidered in the case of *Edie v. East India Co.*, 2 Burr.
1216, and held to be an indorsement within the law
merchant which did not affect the negotiability of the
note. Considering the legal effect of a like indorse-
ment of a negotiable note, the court, in *Leavitt v. Put-
nam,* 3 Comst. 494, said:

"The note in the present case was upon its face
transferable, and its character in respect to negotia-
bility could only have been changed by an indorse-
ment containing express words of restriction. The
defendant's indorsement was a full one, containing
the name of the party in whose favor it was made,
but omitting the words, 'to order,' the legal effect of
which was, nevertheless, to make the note payable to
himself or his order, and his indorsement, therefore,
was effectual to transfer the note to the plaintiff."

The general rule is thus laid down by Judge Story,
in his work on Bills:

"Where the bill is originally negotiable, or payable
to order, an indorsement, directing payment to a par-
ticular person by name, without adding the words,
'or his order,' will not make it an indorsement pay-
able to him only, and restrain the negotiability
thereof; for, in all cases of indorsement, the restric-
tion must arise by express words or necessary impli-
cation to produce such an effect." (Story, Bills, 3d
ed. § 210.)

The legal effect of the second indorsement is that
of an indorsement in blank, making the note there-
after transferable by mere delivery. The guaranty
of payment written over the name of the indorser
adds nothing to his liability beyond what the law

implies from an indorsement in blank with waiver of protest. There are no words indicating an intention to restrict the negotiability of the note. The authorities are numerous and conclusive upon this proposition. (*Upham v. Prince*, 12 Mass. 14; *Crosby v. Roub*, 16 Wis. 645; *Judson v. Goodwin*, 37 Ill. 286; *Robinson v. Lair*, 31 Iowa, 9; *Partridge v. Davis*, 20 Vt. 499; *Myrick v. Hayscy*, 27 Me. 9; *Heard v. Dubuque County Bank*, 8 Neb. 10; *Johnson v. Mitchell*, 50 Tex. 212; Story, Bills, § 215.)

In *Upham v. Prince*, supra, where the indorsement was similar to the one we are considering, the court said:.

"We are all of opinion that the note did not lose its negotiability by this special indorsement, any more than it would if it had been indorsed with the words, 'without recurrence to the indorser,' which is a common form of indorsement where the indorser does not intend to remain liable."

In *Partridge v. Davis*, supra, the payee of a note payable to order indorsed it with the words, "I guaranty the payment of the within note;" and the court said the indorsement "is the same thing, in legal effect and for every practical purpose, as an indorsement, and may be treated as such."

In the above reference to Story on Bills, the author says:

"An indorsement by the payee, or other lawful holder, may enlarge his responsibility beyond that ordinarily created by law, without in any manner restraining the negotiability of the bill. . . . In such a case, [where the liability of the indorser is enlarged] there is no reason to infer that the indorser means to restrain the further negotiability of the bill, even if he does mean to restrain the effect of the guaranty to his immediate indorsee. . . . And a

holder has a right to hold him as indorser of the bill, as he has left its negotiability unrestrained."

There was nothing presented in the evidence of the defendants tending to show that the plaintiff did not occupy the position of an innocent holder, before maturity of the note; he therefore held it free of all defenses that might have been interposed between the original parties. The demurrer was properly sustained. The judgment must be affirmed.

All the Judges concurring.