GEORGE D. HALE, *as Administrator of the Estate of Lydia Nichols, deceased,* v. J. H. HITCHCOCK *et al.*

No. 84.

1. PROMISSORY NOTE—*Assignment—Negotiability.* When a negotiable promissory note, payable to the person named as payee, or order, is transferred by the payee without a commercial indorsement, but by mere written assignment, it loses its negotiable character in the hands of the assignee, or a subsequent holder, and is subject to all equities and defenses existing at the time of the assignment.

2. ERRONEOUS FINDING—*New Trial.* It is error for a trial court to overrule a motion for a new trial based on the ground that the findings of fact are not sustained by the evidence, when the evidence, without substantial conflict, shows that a material finding of fact is erroneous.

MEMORANDUM.— Error from Shawnee district court ; JOHN GUTHRIE, judge. Action by J. H. Hitchcock and others against George D. Hale, as administrator, on a promissory note. Judgment for plaintiffs. Defendant brings the case to this court. Reversed. The opinion herein, filed April 1, 1896, states the material facts.

*Jetmore & Jetmore,* for plaintiff in error.
*Harrison & Adams,* for defendants in error·

The opinion of the court was delivered by

GARVER, J.: The note sued on in this case was made payable to John L. Howard, or order, and was, by Howard, transferred by an indorsement as follows : "John L. Howard. I assign this note to W. H. Aldaffer, without recourse." W. H. Aldaffer thereafter, and before maturity of the note, transferred it to defendants in error (plaintiffs below) and indorsed his name on the back thereof. The defendant below contends that the note lost its negotiable character by being assigned to Aldaffer, and not indorsed, and that the plaintiffs below took it subject to all equities and defenses. We think this contention must be sustained. The transfer was not made by a commercial indorsement. The name of Howard cannot be separated from the other writing and held to be an indorsement in blank. All must be taken together, and given legal effect, the same as if the name followed the words of assignment. The negotiability of a note, payable to the person named as payee, or order, is preserved in the hands of a subsequent holder only when it comes to him through regular commercial indorsements. And where a note is transferred

without such indorsement the holder is not an indorsee, but an assignee, and, as such, is liable to any defenses existing before the assignment. (*Hatch v. Barrett*, 34 Kan. 223 ; *Briggs v. Latham*, 36 id. 205.) It follows that W. H. Aldaffer took the note in question stripped of its negotiable character. In his hands it was the same as a note non-negotiable from the first. As against the makers, he could not restore its negotiability by his own act, so as to transfer it to a subsequent holder freed of prior equities and defenses to which it had become subject. This is not a case where there is merely an immaterial deviation from the ordinary form of an indorsement, as where a note is indorsed to be paid to a certain person, omitting the words "or order." Counsel for the defendants in error argued at some length that such an indorsement does not affect the negotiability of the note. We fully agree with all that is said on that proposition, and do not regard it as an open question in this court. (*Halbert v. Ellwood*, 1 Kan. App. 95.)

The evidence shows, without serious dispute, that the note was given for a special purpose, and that it was flagrantly misappropriated when, through the actions of Howard and W. H. Aldaffer, it was transferred to the plaintiffs. The purpose for which it was executed had entirely failed. It was to be a factor in a trade between the makers of the note and Howard which was never consummated, and which, by mutual consent, was abandoned, of all of which W. H. Aldaffer had actual knowledge before he acquired the note from Howard. We are not unmindful of the well-settled rule which prevents an appellate court from reviewing the findings of fact made by a trial court when they are based upon conflicting evidence. But in this case there is no substantial con-

flict.    The evidence all points the same way.    There
is nothing which even challenges attention as tending
to show that the consideration for the note had not
entirely failed, or that it was not diverted by the
payee to an improper use.    Under such circumstances,
we deem it our duty to hold that the trial court erred
in not setting aside the findings of fact, when their
correctness was challenged by a motion for a new
trial.

Objection is also made to the rulings of the court
upon the matter of the revivor of the action after the
death of Lydia Nichols, one of the original defendants.
We do not find any error in the record in this re-
spect.    The parties interested were before the court
when the several orders complained of were made,
with ample opportunity to be heard.    Formal notice
of a revivor, or of the making of any order relating
thereto, is unnecessary as to parties present or repre-
sented in open court when action thereon is taken.

It is doubtful whether some of the matters tried in
the district court, and argued in this court, are with-
in the issues made by the pleadings.    The general de-
nial of the defendant may not, over objection, permit
any inquiry as to the consideration of the note, or as
to its misappropriation.    But, as the parties and the
court seem to have tried the case as though all these
matters were properly in issue, we have considered it
upon the same theory.

The judgment will be reversed, and the case re-
manded for a new trial.

All the Judges concurring.