GEORGE D. HALE, *as Administrator*, v. W. H. ALDAFFER.

No. 155.

1. FAILURE OF CONSIDERATION — *in case of, neither payee nor holder with knowledge can maintain action on note.* When the consideration entirely fails for a note in the hands of the payee thereof, neither such payee, nor a subsequent holder with knowledge of the failure of consideration, can maintain an action thereon against the maker.

2. ———— *of note, surety not bound if without his consent note passed to third person on another consideration.* Where a note was executed in favor of the payee by a principal and his surety, for the purpose of effecting an exchange of real estate with such payee, it cannot, upon the rescission of the contract of exchange, by an agreement made between the principal and payee, without the consent of the surety, be transferred to a third person, in satisfaction of a debt due him from such principal, so as to bind the surety.

Error from Shawnee District Court. Hon. John Guthrie, Judge. Opinion filed December 29, 1896. *Reversed and remanded.*

*Jetmore & Jetmore,* for plaintiff in error.

*Wm. R. Hazen,* for defendant in error.

GARVER, J. The material facts in this case are substantially the same as those involved in the case of *Hale v. Hitchcock,* 3 Kan. App. 23 ; the note sued on being the companion note to the one made the basis

of the action in that case.   Much of the evidence in
this case, as well as some of the special findings of
the jury, add to the facts a coloring which was absent
from the former case ; but the essential facts remain
the same.   W. H. Aldaffer, the defendant in error,
and Milton S. Aldaffer, on the one side, and John L.
Howard, on the other side, agreed upon a certain ex-
change and trade of real estate, in which, as a part of
the consideration therefor, and to equalize the values
of the several properties, the note in suit was exe-
cuted by Milton S. Aldaffer, as principal, and Lydia
Nichols, now deceased, as surety, in favor of John L.
Howard, as payee.   At that time, Milton S. Aldaffer
was indebted to W. H. Aldaffer in a sum equal to the
amount of the note, on account of a prior real estate
transaction.   Deeds for the several properties were
made and exchanged by the parties, and this note and
two other notes, aggregating six hundred dollars,
were delivered to Howard.   A few days thereafter,
Howard becoming dissatisfied because of the alleged
minority of Milton S. Aldaffer at the time he executed
his deed, the trade was rescinded, and the deeds,
which had been executed, were returned to the respect-
ive grantors.   In this last transaction, pursuant to
an agreement between the Aldaffers and Howard, the
latter transferred said notes to W. H. Aldaffer, it
being agreed between the Aldaffers that they should
be taken in satisfaction of the indebtedness of Mil-
ton S. Aldaffer to him.   This was done without the
knowledge or consent of the surety, Lydia Nichols.

On these facts, it must be held that the considera-
tion for the note in suit failed upon the rescission of
the contract for the exchange of properties between
the Aldaffers and Howard.   The jury specially found
that Lydia Nichols executed it for no other purpose

42 HALE, *Administrator*, V. ALDAFFER.

N. Dept. Opinion. Garver, J. 5 Kan. App.

than to effect the real estate trade ; and that the only consideration for the transfer of the note from Howard to W. H. Aldaffer was the return of the deeds executed by the former. The mere fact that there may have been a pre-existing indebtedness from Milton S. Aldaffer to W. H. Aldaffer, which to some extent influenced the execution of the note, does not affect the question. The fact remains that the makers of the note promised to. pay the amount called for by it to John L. Howard, and the consideration was represented in the value of real estate to be conveyed by Howard. At the end of the several transactions between these parties, the deeds having been re-exchanged, Howard again had his land, and the Aldaffers were again, also, in their original position. It needs no argument to show that, under these circumstances, payment of the note could not have been enforced by Howard. And, having no rights which he could enforce, it follows, necessarily, that he could not transfer to another, who had full knowledge of the facts, rights which he himself did not possess. The assignee in such case acquires only such rights as were possessed by his assignor. *Hatch v. Barrett*, 34 Kan. 223–230. For these reasons, the motion made by the plaintiff in error for judgment upon the special findings of the jury should have been sustained.

The judgment will be reversed, and the case remanded with directions to enter judgment on the special findings in favor of the plaintiff in error.

GILKESON, P. J., concurring.

CLARK, J., (dissenting.) While I readily assent to the legal propositions enunciated in the syllabus, I do not think they can with propriety be made to apply to the facts in this case as disclosed by the record. I

think the several findings of the jury can be made to harmonize with each other, that the general verdict is supported by such findings and warranted by the evidence, that no prejudicial error appears in the record, and that the judgment should be affirmed.