THE MERCHANTS SAVINGS BANK OF PROVIDENCE v. ISRAEL MOORE, ELIZABETH MOORE, *et al.*
NO. 194.

1. PROMISSORY NOTE — *assignment and conditional guaranty of, not commercial indorsement.* A writing on the back of a negotiable promissory note, in terms assigning the instrument, in which the assignor guarantees "the collection of the principal sum within two years after maturity," and reserves the right "to repurchase the same" at any time, either before or after maturity, and by express terms makes the right to exercise this option "to repurchase" a condition precedent to fix the liability of the assignor, is an assignment and not a commercial indorsement.

2. PARAGRAPH 7003, GENERAL STATUTES OF 1889 — *mortgagee suing under, can recover only twelve per cent. interest.* The mortgagee paid the taxes and took an assignment of tax-sale certificates, and afterwards claimed a judgment for the amount paid for taxes, under paragraph 7003, General Statutes of 1889; *held,* that the court properly instructed the jury that he could recover only twelve per cent.

Error from Osborne District Court. Hon. Cyrus Heren, Judge. Opinion filed March 22, 1897. *Affirmed.*

This was an action brought in the court below by the Merchants Savings Bank against Israel Moore and Elizabeth Moore, husband and wife, and others, for the recovery of eight hundred dollars and interest

on a promissory note, and for the recovery of $92.25 paid for taxes, and to foreclose a mortgage.   Defendants filed an answer, consisting of, *first*, a general denial, *second*, an admission of the execution and delivery of the note and mortgage, *third*, an allegation of payment to the Kansas Trust and Banking Company, of Atchison, Kan., *fourth*, an admission of an indebtedness on the note in the sum of $359.09.   This case was tried by the court and a jury.   The jury returned a general verdict for the plaintiff and assessed the amount of its recovery at $478.70.   The plaintiff filed a motion for new trial, and brings the case here for review.

The record shows that on November 1, 1886, the defendants, Moore, procured a loan of eight hundred dollars from the Kansas Trust and Banking Company, for which they executed the note in controversy, payable at the office of said company at Atchison, Kan.   Afterward, on the ninth day of December, 1886, the plaintiff in error, the Merchants Savings Bank, became the owner of this note by purchase from said company.   The makers of the note had no notice of the sale and transfer of the note to plaintiffs in error; they paid the interest, and, at maturity, made a payment on the principal.   All of these payments were made to the Kansas Trust and Banking Company.   The findings of the jury are not contested.

*H. Aylmer Coates*, for plaintiff in error.

*Robinson & McBride*, and *Israel Moore*, for defendants in error.

McELROY, J.   The plaintiff in error assigns for error that part of the instruction given by the court below to the jury, to the effect that, although it was

proven that the plaintiff below was the owner of the Moore note, yet, as the assignment of it on the back thereof was not an indorsement in a commercial sense, the defendants below, Moore, were entitled to credit on such note for any sums paid by them to the Kansas Trust and Banking Company, under an agreement with such company that the same should be so credited.

The assignment of the note is in words as follows:

"For value received, the Kansas Trust and Banking Company of Atchison, Kan., hereby sells, transfers and assigns this real-estate coupon bond to ——— or order, and hereby guarantees: *First*, the prompt payment of the coupons attached hereto; and, *second*, the collection of the principal sum of this bond within two years after maturity thereof with interest at seven per cent. per annum, payable semi-annually; provided, however, that if any time, the said The Kansas Trust and Banking Company shall notify the said ———, or the legal holder of this bond, of its desire to purchase the same by paying the principal thereof, with accrued interest, that then the holder of this bond shall, within thirty days thereafter, tender this bond, with the coupons hereto attached, with a proper assignment of the mortgage securing the same, to the said The Kansas Trust and Banking Company, at its banking house in Atchison, Kan., for sale on said terms. And if the holder of this bond thereupon elects not to do so, then this assignment and guarantee shall become void."

This language purports to be an assignment. The assignor guarantees "the collection of the principal sum within two years after maturity," and reserves the right "to repurchase" the same at any time, either before or after maturity, and by express terms makes the right to exercise this option "to repurchase" a condition precedent to fix its liability as guarantor. This is something other than a commercial indorsement; it is an assignment. See *Hatch v. Barrett*, 34

MERCHANTS SAVINGS BANK v. MOORE.       365

March 22, 1897.       Opinion.   McElroy, J.           C. Div.

Kan. 223; *Briggs v. Latham*, 36 id. 205; *Hale v. Hitchcock*, 3 Kan. App. 23; Daniel on Negotiable Instruments, §§ 666, 668c and *note* 7.

Commercial paper, if payable to order, is negotiable only by indorsement. Paragraph 477, General Statutes of 1889, reads:

"All bonds, promissory notes, bills of exchange, foreign and inland, drawn for any sum or sums of money, certain, and payable to any person or order, or to any person or bearer, shall be negotiable by indorsement thereon, if payable to order, and by delivery if payable to bearer, so as to absolutely transfer and vest the property thereof in each and every indorsee or holder, successively; but nothing in this section shall be construed to make negotiable any such bond, note or bill of exchange, drawn payable to any person or persons alone, and not drawn payable to any order, bearer or assigns."

As a further assignment of error, plaintiff in error sets out the instruction of the court, that the jury should compute the interest upon the taxes paid by plaintiff at the rate of twelve per cent. per annum from their respective dates of payment. If the plaintiff had stood on his rights under the tax law, he would have been entitled to collect twenty-four per cent. on the amount paid for taxes. He abandoned these and brought his action under paragraph 7003, General Statutes of 1889. Under this act the court could render judgment for only twelve per cent., which was done in this case. The plaintiff in error in his petition claims only twelve per cent. interest on the money paid for taxes. The court would not be authorized to instruct the jury that plaintiff could recover any greater rate of interest than claimed in his petition. There was no error in giving the instruction about which the complaint is made.

The judgment of the court will be affirmed.