## BURNHAM *v.* GALLENTINE.

Where the original payee of a promissory note negotiable by statute, six days after the date of the note, indorsed on the back thereof these words: "I guarantee the payment of this note, and costs, if any are made on it:"—

*Held,* 1. That he was an absolute promisor, unconditionally bound to pay the note, and not an indorser, nor a guarantor, in the ordinary and enlarged sense of the term.

2. That no notice of presentment and non-payment of the note need be shown.

3. That the contract indorsed on the note was itself, in substance and legal effect, a promissory note; and where, in a suit upon it, the complaint alleged the insolvency of the maker of the note so indorsed, the defendant would be liable, without proof of the allegation.

APPEAL from the *Elkhart* Court of Common Pleas.

DAVISON, J.—*Burnham* was the plaintiff below, and *Gallentine* the defendant. The complaint alleges that one *Cook*, on the 6th of *December*, 1853, by his note of that date, promised, one day after the date thereof, to pay *Gallentine*, the defendant, 183 dollars, without relief, &c.; that *Gallentine* afterwards indorsed the note to the plaintiff, and guarantied its payment to him, and that the same remains due and unpaid, although *Cook* and *Gallentine* have each been often requested to pay, &c. It is averred that *Cook*, at the time of the guaranty, was, and still is, notoriously insolvent. Wherefore, &c.

The note and guaranty were filed with the complaint, and read thus:

Nov. Term,
1858.

BURNHAM
v.
GALLENTINE.

"*December* 6, 1853. One day after date I promise to pay *Nicholas W. Gallentine* one hundred and eighty-three dollars, value received, without any relief, &c. [Signed] *John Cook.*"

"*December* 12, 1853. I guarantee the payment of this note, and costs, if any are made on it. [Signed] *N. W. Gallentine.*"

Defendant answered by a general denial. And there was a verdict and judgment in his favor.

Plaintiff gave in evidence the note and guaranty—they being all the evidence given in the cause. And at the proper time he moved the following instruction:

" If the jury find that the note in evidence was executed on the 6th of *December*, 1853, and that on the 12th of said month, the defendant made the indorsement which appears thereon, such indorsement is an undertaking on his part to pay the note in the event, simply, that the maker does not pay it. And it is unnecessary for the plaintiff to sue *Cook* in the first instance, and prosecute him to insolvency, or prove him to be notoriously insolvent, in order to hold the defendant liable on the guaranty."

This, the Court refused; but instructed as follows:

" There being no proof of the insolvency of the maker of the note, as alleged in the complaint, the jury may find for the defendant."

Against these rulings, we are referred to Story on Promissory Notes, § 480, where it is said that, "If the original payee of a negotiable note should indorse a guaranty on the back thereof, agreeing to be bound to the payment of the note, he would be held to be an absolute promisor, and unconditionally bound to pay the note, as the true interpretation of the contract."

The note before us is negotiable under our statute. 1 R. S. p. 378, § 1. And there seems to be no reason why the exposition above quoted should not apply as well to this note as to one negotiable by the law merchant. *Bowers* v. *Headen*, 4 Ind. R. 318. Evidently, the defendant cannot be charged as an indorser; because he has made an express contract of a different nature, and has not agreed

to answer as an indorser, but is answerable to the plaintiff either as the guarantor of the note, or as the maker of a new note. *Meech* v. *Churchill*, 2 Wend. 630.—*Lamourieux* v. *Hewit*, 5 *id.* 307.—*Allen* v. *Rightmere*, 20 Johns. 365.— *Miller* v. *Gaston*, 2 Hill, 188. It follows that the instruction given cannot be sustained, because it is rested upon the ground that the defendant is chargeable as an indorser of the note.

Still, the questions arise—Is the instrument sued on a guaranty, in the ordinary sense of the term? Or is it an unconditional promise to pay?

" A guaranty, in its enlarged sense, is a promise to answer for the payment of some debt, or the performance of some duty, in the case of the failure of another person, who, in the first instance, is liable." 3 Kent's Comm. 121. This indicates a conditional undertaking; but in the case at bar, the indorsement expresses a contract absolute in its terms, and the fact that it was executed by the payee after the maturity of the note, conduces to show that the parties intended an unconditional contract. *Williams* v. *Granger*, 4 Day, 444.—*Breed* v. *Hillhouse*, 7 Conn. R. 523.—*Bayley* v. *Hazard*, 3 Yerg. 487. In *New York*, it appears that " a distinction has been taken between a written guaranty on the back of a note, made after the note was given, which imports a guaranty of payment of the note, and a guaranty made at the same date as the note, which imports only to guarantee the collection of the note. And in the former case, it was held that the party indorsing the note is liable as an absolute promisor; but in the latter, it is a mere guaranty." Story on Promissory Notes, § 478. See, also, *Manson* v. *Durham*, 3 Hill, 584.—*Miller* v. *Gaston*, 2 *id.* 188.—*Hunt* v. *Brown*, 5 *id.* 145. And in *Woodstock Bank* v. *Downer*, 1 Williams (Vt.), 482, it was held that a guaranty in the words " I guarantee the said note is good, and the payment of the same," is absolute, and due notice of its presentment and non-payment need not be shown. It must be conceded that the authorities on this subject are not uniform; but the weight of them, in our opinion, favors the

conclusion that the contract indorsed on the note in question, is itself, in substance and legal effect, a promissory note, and that the defendant is liable in this action without proof of the insolvency alleged in the complaint. *Allen* v. *Rightmere, supra.*

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*R. Lowry, E. Dumont*, and *O. B. Torbet*, for the appellant.

*J. A. Liston*, for the appellee.