## WATSON *v.* BEABOUT.

The undertaking expressed in these words, "*I, A B* agree to stand as surety for *C D* in the above agreement," does not create the relation of guarantor, but makes *A B* primarily and absolutely liable, and a joint action will lie against him and *C D*.

In an action against the principal and his surety in an agreement, the issue of suretyship, under sections 674 and 675, 2 R. S., p. 186, can not be made unless the principal is legally before the Court, so that judgment can be rendered against him upon the trial.

APPEAL from the *Rush* Common Pleas.

DAVISON, J.—The appellee, who was the plaintiff, brought this action against *James E. Watson* and *Hayden P. Watson*, upon a written agreement in these words, viz:

"Agreement between *James E. Watson* and *William J. Beabout:* The said *Beabout* agrees to commence labor for the said *Watson* on the 1st of *March*, 1858, and continue to work at the farming business for said *Watson* until the 1st of *September* then next following. The said *Watson* agrees to pay the said *Beabout* 15 dollars per month for the labor so performed. Also, to board, wash and mend for said *Beabout* during the time above mentioned. The said *Watson* is to pay said *Bea-*

*bout* as much of the wages, during said time, as he may need, not to exceed 10 dollars, and the remainder at the expiration of the term above mentioned, waiving the appraisement laws of *Indiana,* signed by the parties, and dated this 24th of *February,* 1858.                                   WM. J. BEABOUT."

"JAS. E. WATSON."

"I, *Hayden P. Watson,* agree to stand as surety for *James E. Watson* in the above agreement.

"HAYDEN P. WATSON."

The plaintiff alleges, in his complaint, that he has performed his part of said agreement faithfully; but that the defendants, *James E.* and *Hayden P.,* have not, nor has either of them, performed the agreement on their part to be performed. And that, by reason of such non-performance, the defendants became and were, on the 1st of *September,* 1858, indebted to the plaintiff 90 dollars. Wherefore, &c. Process was returned not found as to *James E. Watson,* and as to him the case was continued; the other defendant, *Hayden P. Watson,* appeared and demurred to the complaint; but his demurrer was overruled and he excepted.

The ground relied on, in support of the demurrer, is, that the undertaking of the defendant, viz: "I, *Hayden P. Watson,* agree to stand as surety for *James E. Watson* on the above agreement," renders him a mere guarantor, and that as such he could not be sued, upon his contract, until after a failure to collect the demand from the principal debtor. We are not inclined to adopt this construction. The contract before us is absolute, on its face, the defendant "agrees to stand as surety," that is, as his principal is bound, he also agrees to bind himself, and the result is, a joint suit against him and the principal debtor is maintainable. *Burnham* v. *Gallatin,* 11 Ind. 295; 2 Bouvier's Law Dict. 570; 2 Am. Lead. Cases, 99. And the engagement of the defendant, being thus un-

conditional, in order to sustain the action, a failure to collect the demand from the principal need not be shown.

The defendant answered by a general denial and three special paragraphs. To the second a demurrer was sustained, and upon the third and fourth issues were made. The Court tried the cause and found for the plaintiff; new trial refused and judgment. The second paragraph of the answer, to which a demurrer was sustained, alleges "that *James E. Watson* is the principal in the contract sued on, and that this defendant signed the same as surety only; that said *James E.* is a resident of *Indiana*, and has not been served with process in this case, and that he is solvent and able to pay said supposed debt, &c. This defence, it is argued, was intended to raise the question of suretyship, and give the defendant the benefit secured by sections 674 and 675 of the practice act. These sections provide that: "Whenever any action is brought against two or more defendants, upon a contract, any one or more of the defendants, being surety for the others, the surety may, upon a written complaint to the Court, cause the question of suretyship to be tried and determined upon the issue made by the parties, at the trial of the cause, or at any time before or after the trial, or at a subsequent term." "If the finding upon such issue be in favor of the surety, the Court shall make an order directing the sheriff to levy the execution first upon and exhaust the property of the principal, before a levy shall be made upon the property of the surety." 2 R. S. p. 186.

These sections contemplate not only an action against two or more defendants, but proceedings against them in such action, hence they can not be held to apply to the case at bar, because, as has been seen, process as to *James E. Watson*, the principal debtor, was returned not found, and as to him the cause was continued, and proceeded to trial and final judgment against the surety alone. The principal was really no

party to the proceedings which resulted in the judgment in this case, and there being no judgment against him, the Court could not order his property to be first levied on and exhausted. We are of opinion that the pleading under consideration did not, in this instance, authorize the trial of the question of suretyship, and, in. sequence, the demurrer was .well taken.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*Clark & Hackleman,* for the appellant.

*L. Sexton,* for the appellee.