SAMPLE ET AL. *v.* MARTIN.

GUARANTOR.—*Promissory Note.—Extension of Time to Maker.*—An answer by a guarantor to a complaint on a note, that the payee extended the time of payment to the maker, is fatally defective if it does not show a definite time of extension and a consideration for the agreement to extend.

SAME.—Parties who guarantee the payment of a promissory note by indorsing thereon and signing these words at the time of its execution, " We guarantee payment," are neither sureties nor indorsers, but guarantors, and they are not discharged by a failure to use diligence to collect the note of the maker; nor can they require the holder to sue the maker, as provided by statute in case of sureties.

From the Tippecanoe Common Pleas.

*G. McWilliams,* for appellants.

WORDEN, C. J.—Suit by the appellee against the appellants. Judgment for plaintiff.

The complaint, alleges in substance, that on the 4th of February, 1870, one Dennis Smith executed to the plaintiff a promissory note for the sum of five hundred and twenty-five dollars, payable six months thereafter, and that the defendants, Sample and Hardy, in consideration that the plaintiff would lend said Smith the sum of money specified in the note at the time of the execution thereof, made their written guaranty thereon in these words, viz., " We guarantee payment.

(Signed) " JAMES G. HARDY,
" H. T. SAMPLE."

That when the note matured, Smith wholly failed to pay the same or any part thereof, of which the defendants had due notice ; that afterward, viz., on the 30th day of September, 1871, the plaintiff gave the defendants further notice of the failure of Smith to pay the note and demanded of them payment thereof, which they refused ; that the note remains due and unpaid ; wherefore, etc.

There was a demurrer filed to the complaint for want of sufficient facts, but it was overruled, and exception taken, and this ruling is assigned for error. There is no objection pointed out in the brief of counsel for the appellant in respect to the complaint. We, therefore, regard it as good.

Answer. 1st. Want of consideration.

2d. That no notice was given to the defendants of the failure of Smith to pay the note until about the 4th of April, 1871 ; that the plaintiff failed to sue Smith, although he and Smith resided in Fountain county, Indiana, though several terms of court intervened between the maturity of the note and said 4th of April, at which suit might have been brought ; that at the maturity of the note, Smith had property liable to execution, sufficient to pay the note, which might have been collected but for the plaintiff's neglect in failing to give the defendants proper notice of non-payment, and in failing to sue Smith thereon ; that between the maturity of the note and said 4th day of April, Smith disposed of his property and lost and wasted the same, so that when

judgment was rendered against him on the note, eighty dollars was all that could be collected from him; that he is now insolvent, etc.

The 3d paragraph is in these words:

" And defendants say that after said note became due, the said Dennis Smith, without the knowledge of these defendants, contracted with the said Jacob Martin for an extension of the time of the payment of the same until on or about the —— day of April, 1871, and which time was so extended; wherefore," etc.

4th. General denial.

Reply in denial of first and second paragraphs, and demurrer sustained to the third. The demurrer was correctly sustained. The paragraph, if otherwise sufficient, is fatally defective in not showing a definite time of extension, and in not showing a consideration for the agreement to extend. For aught that appears, the contract was a *nudum pactum*, and suit might have been brought against Smith on the note at any time thereafter. The plaintiff's hands do not appear to have been tied up by any valid contract for an extension of time.

We are asked to reverse the judgment on the evidence, upon the ground that the plaintiff failed to sue Smith when he was solvent and able to pay, afterward becoming insolvent, whereby the defendants, it is claimed, ought to be discharged. The defendants are neither sureties nor indorsers, but guarantors. They are not discharged by a failure to use diligence to collect the note from the maker, nor could they require the plaintiff by notice to sue the maker, as is provided by statute in case of sureties.

The judgment below is affirmed, with costs and five per cent. damages.