## RICHWINE ET AL. *v.* SCOVILL ET AL.

GUARANTY.—*Principal and Guarantor.*—*Joint Suit Against, on Original Debt.* —*Guarantor not Liable Therein.*—The owner sold and delivered certain goods to a person, upon the written order of the latter therefor, which was indorsed in writing thereon by others as follows, viz.: "We, the undersigned, do hereby recommend" said vendee, naming him, "for the inclosed bill." This was signed by said indorsers.

*Held,* that such indorsers are liable, if at all, only as guarantors, collaterally, and can not be held liable on the original debt made by such vendee.

QUERY.—Does such indorsement amount to more than a simple letter of recommendation?

From the Blackford Circuit Court.

*J. R. Perdieu, J. N. Templer* and *R. S. Gregory,* for appellants.

*W. A. Bonham* and *J. Cantwell,* for appellees.

BIDDLE, J.—Action by appellees against appellants. The complaint contains two paragraphs. The first is in the common form, for goods, wares and merchandise sold and delivered, with a bill of particulars filed. The second is, in substance, as follows:—that on the 18th day of March, 1874, Richwine, being then in the business of buying and selling jewelry and other goods, at the town of Redkey, Jay county, Indiana, and being in limited circumstances, gave his written order to appellees, who were doing business in the city of Indianapolis, for a bill of goods; and, at the same time, the other defendants, Henry Reitenhour and William Redkey, doing business at the town of Redkey, under the firm name of Reitenhour & Redkey, in consideration that the appellees, at Richwine's request, would sell and deliver to Richwine certain goods and merchandise, by a certain written order or letter, dated March 18th, 1874, promised to appellees that they would become responsible for the payment of said goods, and recommended the said Richwine, and guaranteed him to be responsible and able to pay for said

goods, agreeing to become jointly liable with Richwine for the payment of said debt. That in consideration of said written promise, they sold and delivered to Richwine certain goods, amounting to two hundred and seventy-one dollars and seventy-one cents, a bill. of particulars of which is filed, and which amount still remains unpaid. That they afterwards requested Richwine to pay the same, but he wholly failed and refused, of which the appellants, who have also failed and refused to pay the same, had due notice. That, afterwards, on the 20th day of April, 1874, Reitenhour & Redkey, by a certain written instrument, informed appellees, that, as Richwine had changed his place of residence, they would no longer hold themselves responsible for any debt which he might thereafter make. That Richwine is wholly insolvent, and was insolvent when he bought the goods. Wherefore, etc.

The order of Richwine for the goods, the recommendation of Reitenhour & Redkey, and their subsequent letter to the appellees are made exhibits with the complaint, and are as follows, viz.:

"REDKEY, IND., March 18th, 1874.

"You may send"—[here, the articles are named, but no price affixed.] "This all I will send for, as you said you were coming in course of month, and then I will make a general selection.

"GEORGE W. RICHWINE."

"We, the undersigned, do hereby recommend Mr. Geo. Richwine for the enclosed bill.

"REITENHOUR & REDKEY."

"REDKEY, IND., April 20th, 1874.

"Messrs. A. L. Scovill & Sparrow: Gents—Mr. Geo. Richwine has removed to Hartford City, and is going in partnership with a gentleman of that place. He has the stock of goods on hand you sold him. We still think him responsible, but as he is leaving our place, and will be a firm able to support itself, we hereby notify you that

we will not hold ourselves responsible any longer. You can make arrangements with the new firm for your money.                    " Truly yours,

"REITENHOUR & REDKEY."

"We do this simply from the fact that he is leaving our place.                                     "R. & R."

After several motions, which need not be noticed, Reitenhour and Redkey demurred to the second paragraph of the complaint, alleging as cause of the demurrer:—

1. The insufficiency of the facts;
2. A misjoinder of causes of action;
3. A misjoinder of parties defendant.

Their demurrer was overruled, and exceptions reserved. Answer of denial, and payment; reply; trial by the court; finding for the appellees; and, over a motion for a new trial and exceptions, judgment on the finding. Appeal.

It is clear that Reitenhour and Redkey are not principals with, nor sureties for, Richwine. They can be but guarantors at most. It seems to us that the paper they signed is nothing more than a letter of recommendation; but this we do not decide. Treating it as a guaranty, their undertaking was only collateral. They can not be liable, therefore, on the original debt made by Richwine. This principle is well established. *Smith* v. *Bainbridge,* 6 Blackf. 12; *Virden* v. *Ellsworth,* 15 Ind. 144; *McMillan* v. *The Bull's Head Bank,* 32 Ind. 11; *Gaff* v. *Sims,* 45 Ind. 262; *Sample* v. *Martin,* 46 Ind. 226.

These authorities carefully define the distinctions between the liability of a guarantor, and a principal or surety.

The demurrer of Reitenhour and Redkey to the second paragraph of the complaint was improperly overruled; it should have been sustained.

The judgment is reversed, with costs, cause remanded, with directions to sustain the demurrer of Reitenhour and Redkey to the second paragraph of the complaint, and for further proceedings.