STUDABAKER ET AL., EXECUTORS, *v.* CODY.

GUARANTOR.—*Promissory Note.—Demand.*—The payee of a promissory note assigned it to another by executing an endorsement thereon reading, "For value received I assign this note to", etc., "and guarantee the payment of the same when due", and when such note matured suit was brought against said payee, on such endorsement, by a subsequent assignee.

*Held*, that such endorsement was not a collateral guaranty, nor ordinary endorsement, but was a direct agreement, by said payee, to pay such note when due, depending upon no demand of payment or other condition, and upon which he was liable at the suit of the original or any subsequent assignee.

From the Allen Circuit Court.

*J. A. Fay* and *R. S. Taylor*, for appellants.

*W. H. Coombs, W. H. H. Miller* and *R. C. Bell*, for appellee.

BIDDLE, J.—Catherine O'Connell, Daniel O'Connell, Joanna O'Connell and John O'Connell, on the 23d day of March, 1869, made their promissory note, payable, twelve months after date, to the order of Maurice Cody, for fifteen hundred dollars, with ten per cent. interest, attorney' fees, etc.

The note was endorsed by the payee as follows:

"For value received I assign this note to Edgar Henderson, and guarantee the payment of the same when due.

"M. CODY."

Henderson assigned the note as follows:

"Pay to the order of John K. Evans.

"EDGAR HENDERSON."

This suit was brought by Evans against Cody, upon his endorsement, as a direct undertaking instead of a collateral guaranty, seeking to hold him liable, directly, instead of liable as an endorser or as a collateral guarantor.

An answer of several paragraphs was filed, and issues formed which we do not state, as no question is brought here upon them. The court tried the case, and, at the request of the parties, made a special finding which is as follows:

"1.  That on the 23d day of March, 1869, Catherine O'Connell, Daniel O'Connell, Joanna O'Connell and John O'Connell made, executed and delivered to Maurice Cody the promissory note described in the complaint, and that the same was secured by mortgage, bearing even date therewith, on twenty feet of ground off the east side of lot 61, etc.

"2.  That said note was afterwards assigned by said Cody, to Edgar Henderson, by endorsement thereon as follows:  'For value received I assign this note to Edgar Henderson, and guarantee the payment of the same when due,' signed 'M. Cody,' and that said Henderson afterwards endorsed the same note to John K. Evans as follows:  'Pay to the order of John K. Evans,' signed 'Edgar Henderson.'

"3.  That on the 10th day of October, 1870, said Evans commenced an action against all of said O'Connells, upon said note and mortgage, in the Allen circuit court, to which said Cody and one Erastus L. Tefft were afterwards made parties, and such proceedings were thereupon had, that upon the 1st day of February, 1871, Evans obtained a personal judgment against Daniel and John O'Connell, for one thousand eight hundred and fifty-nine dollars and sixty-seven cents, a finding that the note had been duly assigned, together with said mortgage, by said Cody, to the plaintiff, and a judgment of foreclosure and sale of the first described premises or tract of land, as against all the O'Connells; that on the 10th day of October, 1871, an execution or order of sale issued in due form, and the same was afterwards returned endorsed as follows:  'By virtue of this writ I duly advertised the within described premises for sale, and upon the day appointed for such sale, to wit, on the 25th day of November, 1871, the same was postponed, by order of the plaintiff, until the 30th day of December, at which time, after duly advertising said real estate for sale, I offered the same, in the manner prescribed by law, and no person bidding therefor, it re-

mains unsold for want of bidders, and this writ is now returned wholly unsatisfied.   C. A. Zollinger, Sheriff.'

"4.   That the note described in the complaint remains due and wholly unpaid; that it is not shown by a preponderance of the evidence, and it is therefore found not to be the fact, that Cody, the defendant, had any notice of the non-payment of said note, at or soon after the time when the same became due, nor any notice or knowledge of such non-payment, until the time of the rendition of said judgment of foreclosure, on the 1st day of February, 1871, very soon after he did have such knowledge.

"5.   That at the time when the note described in the complaint became due, to wit, on the 23d of March, 1870, the makers of the note, Daniel O'Connell and John O'Connell, were the owners of personal property, subject to execution, of the value of one thousand two hundred and five dollars, and continued to be the owners thereof, through the summer and up to the fall of 1870, and that there was no delay had in the bringing of suit against them, at the instance, request, or by the procurement, approbation or consent of the defendant, Cody.

"6.   That there was no other action pending against the defendant, Cody, in favor of plaintiff, upon the same cause of action, at the time of the commencement of this action, nor has there been at any time since, nor is there now.

"7.   That the payors of the note, Daniel and John O'Connell, at the time of the bringing of this suit, had no property subject to execution, but were and are insolvent; and that at the time of the execution of the note sued on, the said Catherine and Joanna O'Connell were and still are the wives, respectively, of the said Daniel and John O'Connell.

"8.   That there is now due to the plaintiff, Evans, upon the promissory note described in the complaint, the sum of two thousand one hundred and forty-five dollars and eighty-two cents, for principal and interest thereof.

" And the court being of the opinion that upon the facts thus found, the law of the case, as recognized by the supreme court of this state, is with the defendant, doth say and find for the defendant."

Judgment for defendant.

After the death of Evans, the appellants, who are the executors of his last will and testament, brought this appeal.

If Cody was liable on his endorsement only as an endorser or a collateral guarantor, the judgment below is correct; but if by his endorsement to Henderson he became liable as an original promisor, we are of opinion that the judgment is erroneous. The question thus presented is not wholly free from difficulty. It is not always easy to clearly trace the line between a collateral guaranty, the obligation of which depends upon some condition or contingency, and a direct undertaking which imposes a fixed liability. Mr. Story says, "And not only may the endorser by his endorsement qualify and restrain his own liability, but he may, also, if he chooses, enlarge his ordinary responsibility as endorser. We have already seen, that the obligation created by law, in cases of endorsement, is conditional, and requires the holder to make due demand, and give due notice to the endorser of the non-payment of the note; and, if he omits so to do, the endorser is discharged. But an endorser may absolutely guarantee the payment of the note in all events, and dispense with any such due demand or notice." Story Prom. Notes, p. 167, sec. 147.

In the case of *Burnham* v. *Gallentine,* 11 Ind. 295, the guaranty was in the following words: " I guarantee the payment of this note, and costs, if any are made on it;" and it was held to be, "in substance and legal effect, a promissory note," and the guarantor was adjudged liable, without proof of the insolvency of the maker.

In the case of *Watson* v. *Beabout,* 18 Ind. 281, the en-

dorsement upon an agreement between James E. Watson and William J. Beabout was as follows:

"I, Hayden P. Watson, agree to stand as surety for James E. Watson in the above agreement," and Hayden P. Watson was held primarily and absolutely liable. And the case of *Sample* v. *Martin*, 46 Ind. 226, we regard as in point.

In the case before us the guaranty was directly to Henderson, to pay the note when due, which, we think, makes a clearer and stronger case than those cited, and imports a direct obligation to pay the note when due, without any condition or contingency, and the assignment of Henderson transferred the obligation to Evans. The following authorities will fully support this view of the case: *Leonard* v. *Shirts*, 33 Ind. 214; *Carver* v. *Warren*, 5 Mass. 545; *White* v. *Howland*, 9 Mass. 301; *Nelson* v. *Dubois*, 13 Johns. 175; *Allen* v. *Rightmere*, 20 Johns. 365; *Sumner* v. *Gay*, 4 Pick. 311; *Baker* v. *Briggs*, 8 Pick. 122; *Breed* v. *Hillhouse*, 7 Conn. 523; *Hough* v. *Gray*, 19 Wend. 202; *Miller* v. *Gaston*, 2 Hill, 188; *Heaton* v. *Hulbert*, 3 Scam. 489; *Partridge* v. *Davis*, 20 Vt. 499; *Brown* v. *Curtiss*, 2 Comst. 225; *Donley* v. *Camp*, 22 Ala. 659; *Marvin* v. *Adamson*, 11 Iowa, 371; *Clay* v. *Edgerton*, 19 Ohio State, 549.

We think the court erred.

The judgment is reversed, with costs, and, as all the facts necessary to a final judgment are found, the cause is remanded with directions to render judgment on the finding, in favor of appellants, for the sum of two thousand one hundred and forty-five dollars and eighty-two cents, with interest thereon from the date of the finding, and with costs.