COLE ET AL. *v.* THE MERCHANTS BANK, OF WATERTOWN, NEW YORK.

GUARANTY.—*Promissory Note.—Joint Action Against Maker and Guarantor.— Misjoinder of Actions.—Assignment.—Parties.—Pleading.—Practice.—Jur-diction.—Plea in Abatement.—Notice.—Delay.*—An action was commenced against A., B. and C., jointly, in the county where B. and C., but not A., resided, by the assignee, a banking company, on a promissory note payable in bank, executed by A. to a sewing machine company; on the back of the note was a stipulation, executed by B. and C., reading: "We jointly or severally, for value received, hereby guarantee the prompt pay-

ment of the within note," and also an endorsement, below such stipulation, reading: " Pay to the order of " the plaintiff, executed in the name of the payee, by D. E., " Treasurer."

*Held*, that such stipulation was a contract of guaranty, separate and distinct. from the note, that B. and C. were guarantors only, and that they could not properly be sued thereon jointly with A., in an action on the note.

*Held*, also, that there was a misjoinder of actions, but that such objection could only be presented by a demurrer for that cause, and not by a demurrer for insufficiency.

*Held*, also, that the complaint in such action, alleging non-payment of the note by the maker and due notice thereof to the guarantors, contains a good cause of action against the latter.

*Held*, also, that an answer by the maker, that he resided in another county than that in which the action was brought, is sufficient as a plea to the jurisdiction of the court over him.

*Held*, also, that the endorsement passed the title to the note and guaranty, *prima facie*, to the plaintiff.

*Held*, also, that, under the statute of this State, a contract of guaranty is assignable.

*Held*, also, that the payee was not a necessary party defendant.

*Held*, also, that the name of the plaintiff is, *prima facie*, that of a corporation.

*Held*, also, that delay in giving notice to the guarantors, of the non-payment of the note, would not release them.

From the La Porte Circuit Court.

*M. K. Farrand, L. A. Cole* and *C. H. Truesdell*, for appellants.

*J. Bradley* and *S. E. Williams*, for appellee.

PERKINS, J.—This was a suit by the appellee, as endorsee of the Davis Sewing Machine Company, against Avery A. Cole, Leonidas A. Cole and Nathaniel Pierce, upon the following promissory note and guaranty :

" $1,250.          LOGANSPORT, IND., Dec. 10th, 1873.

" Six months after date, I promise to pay to the order of the Davis Sewing Machine Company twelve hundred and fifty dollars, payable at the Peoples Bank, Logansport, Ind., for value received, with ten per cent. interest, without any relief whatever from valuation or appraisement laws, and with ten per cent. fees if collected by attorney. Drawers and endorsers jointly and severally waive presentment for payment, protest and notice of protest and non-payment of

352 SUPREME COURT OF INDIANA.

Cole *et al. v.* The Merchants Bank, of Watertown, New York.

this note. No credit allowed on this note unless endorsed on back by the payee. (Signed.) A. A. COLE."

On the back are the following endorsements:

"We jointly or severally, for value received, hereby guarantee the prompt payment of the within note.

"L. A. COLE,
"NATHANIEL PIERCE."

"Pay to the order of Merchants Bank, of Watertown, New York.

"Davis Sewing Machine Co., of Watertown, N. Y.,
"L. A. JOHNSON, Treasurer."

The complaint was in three paragraphs.

The first sets forth the note, the guaranty and indorsement, avers that the guarantors had due notice of its nonpayment, etc., and prays judgment against the maker and guarantors.

The second paragraph is substantially like the first.

The third is against the maker and guarantors, as joint makers.

Upon appearing to the action, A. A. Cole filed a plea to the jurisdiction of the court over his person. L. A. Cole and Pierce filed a demurrer to each paragraph of the complaint, assigning for causes of demurrer to each paragraph, that it did not state facts sufficient to constitute a cause of action; that there was a defect of parties defendants, in this, that the Davis Sewing Machine Company was not a party, and that the plaintiff, appellee, had not legal capacity to sue.

These demurrers were overruled by the court, and exceptions reserved.

A demurrer was sustained to the answer of want of jurisdiction by A. A. Cole, and he excepted.

He then answered in general denial.

The defendants L. A. Cole and N. Pierce, the guarantors, answered:

1st. That the plaintiff is not, and that the Davis Sew-

ing Machine Company is, the real owner of the note sued on.

2d.   That the plaintiff is not the real party in interest, for the reason that the note was endorsed to it without consideration, simply for collection, and the consideration of said guaranty had wholly failed, setting out the particulars.

3d.   That, by the guaranty on said note, they did not intend to become joint makers or endorsers of said note, as the plaintiff well knew, and that the contract of guaranty upon said note was a separate, independent agreement, which did not pass to the plaintiff by the endorsement of the note, and that it had not been endorsed to the plaintiff.

The plaintiff demurred severally to the first and third paragraphs of the answer of the guarantors, and moved to strike from the second the allegations, that the plaintiff was not the real party in interest, and that the note was endorsed for collection merely.

The court sustained the demurrers to the first and third paragraphs of answer, and overruled the motion to strike out parts of the second.

Exceptions were reserved.

The guarantors filed an amended first paragraph of answer, to which a demurrer was overruled.

Reply in denial.

Trial by the court; joint judgment, over a motion for a new trial, for the plaintiff, against all the defendants.

We proceed to the consideration and decision of such questions, arising in the cause, as may be necessary to its determination.

It is manifest, that L. A. Cole and Nathaniel Pierce were guarantors upon the note.   *Sample* v. *Martin*, 46 Ind. 226.   If they could not properly be sued jointly with the maker, then the court erred in sustaining the demurrer to the answer of A. A. Cole, the maker, as he was

not a resident of the county in which the suit was brought, a fact he answered to the jurisdiction of the court. Acts 1875, Reg. Sess., p. 119.

The contracts of the maker and guarantors of the note were separate and distinct contracts. They were not a joint cause of action, and the maker and guarantors could not properly be sued jointly. This is settled law in Indiana. *Richwine* v. *Scovill*, 54 Ind. 150, and cases cited; *Dickinson* v. *Colter*, 45 Ind. 445.

There was, therefore, a misjoinder of causes of action and of parties defendants, but there was no demurrer to the complaint on either of these grounds. There was a demurrer for a defect of parties, in this, that the Davis Sewing Machine Company ought to have been made a party to answer to its interest.

Want of facts to constitute a cause of action was also made a ground of demurrer by the guarantors. But there was a good cause of action against them. The guaranty was duly assigned to the plaintiff, notice of the default of the maker had been given, the liability of the guarantors was fixed, and all this was shown in the complaint.

The question is made, whether the contract of guaranty is assignable, and whether, if so, that in this case had been assigned.

We are satisfied, that the contract of guaranty, in this case, was assignable, and passed with the note on which it was written, by the endorsement of the Davis Sewing Machine Company, to the Merchants Bank, of Watertown, New York. See *Studabaker* v. *Cody*, 54 Ind. 586.

As the note and guaranty were duly transferred, by written indorsement, to the bank, the plaintiff in this suit, it was not necessary that the assignor should be made a party to answer to its interest. 2 R. S. 1876, p. 35, sec. 6.

The endorsement also passed the legal title to the note and guaranty to the plaintiff, making it, at least *prima facie*, the real party in interest.

The name of the plaintiff, *prima facie*, imports a corporation, and the complaint was sufficient. *Harris* v. *The Muskingum, etc., Co.*, 4 Blackf. 267.

We think the guarantors were not discharged by delay in giving notice. *Sample* v. *Martin*, 46 Ind. 226; 2 Parsons Con. 28, 29.

On the evidence, we can not say the court erred in overruling the motion for a new trial. It was proved, that the plaintiff was the real *bona fide* owner of the note, for a valuable consideration; that a delay of fifty-one days may have occurred in giving notice to the guarantors of the non-payment of the note by the maker, but it is not shown that the guarantors were injured by the delay; that there was a consideration for the guaranty, which is not shown to have failed, etc.

The judgment is reversed, with costs, as to A. A. Cole, the maker of the note. It is affirmed, with costs, as to L. A. Cole and Nathaniel Pierce, the guarantors.

### On petition for a rehearing.

Perkins, J.—An earnest petition for a rehearing has been filed in this cause, in which it is insisted, that a contract of guaranty is not assignable at common law.

We concede that there is a conflict of authorities on this point. The form of the guaranty in this case will be noticed. It is upon the note. It is addressed to no particular person. The endorsement transferring the paper is below the guaranty, and is not limited to the note, but is in these words: "Pay to the order of Merchants Bank, of Watertown, New York." It is plain enough that this assignment was intended to transfer the note and guaranty—the entire instrument. The entire instrument was delivered to the assignee.

While the general doctrine may be admitted to be, that contracts of guaranty are not assignable at common law, yet there are respectable authorities that a guaranty written upon a negotiable note or bill, addressed to no par-

ticular person, partakes of the negotiable quality of said bill or note, and that any person having the legal instrument takes, in like manner, the incident. *McLaren v. Watson's Ex'rs,* 26 Wend. 425; *Cooper v. Dedrick,* 22 Barb. 516; *Webster v. Cobb,* 17 Ill. 459, and cases cited. This is regarded by Story and Daniel as the better doctrine. Story Bills of Exchange, 4th ed., sec. 458; 2 Daniel Negotiable Instruments, sec. 1777.

Were it necessary to the decision of this case, we should hold the same doctrine; but contracts of guaranty generally were assignable in equity, though not at law. Story Bills of Exchange, sec. 457; *Arents v. The Commonwealth,* 18 Grat. 750. In Edwards Bills and Notes, 219, it is said, that "A contract of guaranty, though endorsed upon a negotiable note and drawn in general terms warranting its collection, is not of itself negotiable; because the statute making promissory notes negotiable is not extended to any other instrument relating to the note."

This question arose in *The First National Bank, etc.,* v. *Carpenter,* 41 Iowa, 518, in which the court, after referring generally to the subject, dispose of the question in the case as follows: "But, under our statutes, this and every other kind of contract is assignable. * * * And the assignee may sue thereon in his own name."

So the code of this State, which is similar to that of Iowa, has solved the controverted question for us.

A contract of guaranty is assignable under our code. *Fletcher v. Piatt,* 7 Blackf. 522; *Patterson v. Crawford,* 12 Ind. 241; *Splahn v. Gillespie,* 48 Ind. 397. See *Harper v. Pound,* 10 Ind. 32.

No points were made as to joinder of causes of action, or as to the parties to this appeal, or as to the jurisdiction over them of the court. See *Luark v. Malone,* 34 Ind. 444, on p. 447.

The petition for a rehearing is overruled, with costs.

Original opinion filed at November Term, 1877.

Opinion on petition filed at May Term, 1878.