67    55
128   249
67    55
f153  193

## FRASH ET AL. *v.* POLK.

GUARANTY.—*Notice.—Tender.—Pleading.*—Where, in a contract reciting that A. has assigned to B a certain judgment, bearing a specified rate of interest, C. and D. guarantee that said judgment and interest shall be paid to B. on or before a certain day, "and in case it is not paid by that time we guarantee the payment of three per cent. additional interest from said date until said judgment is paid," such contract is an absolute and original contract on the part of C. and D., with B., to pay both judgment and interest ; and in a complaint thereon by B. it is not necessary to aver that C. and D. had notice of the non-payment of the judgment, and it is not necessary that such complaint should make an offer to assign said judgment to C. and D.

From the Blackford Circuit Court.

*W. H. Carroll* and *M. Frash,* for appellants.

*O. J. Lotz* and *C. W. Kilgore,* for appellee.

HOWK, J.—In this action, the appellee sued the appellants, upon a written contract, of which the following is a copy :

" HARTFORD CITY, IND., Jan. 29th, 1875.

" Whereas William Frash has this day assigned to Robert Polk a certain judgment, to the amount of eight hundred and $\frac{90}{100}$ dollars, in the circuit court of Howard county, Indiana, against Josiah M. Leeds and Lewis W. Leech,

(said Polk having taken said judgment on a claim which he holds against us) ; we hereby guarantee that said judgment, bearing ten per cent. interest, shall be paid to said Robert Polk on or before December 25th, 1875 ; and in case it is not paid by that time, we guarantee the payment of three per cent. additional interest from said date (Dec. 25th, 1875), until said judgment is paid.

(Signed,) 　　　　　　"GEORGE FRASH,

"JOHN FRASH."

In his complaint, the appellee alleged, in substance, that, on the 29th day of January, the appellants, being indebted to appellee in a large sum of money, as a part payment thereof, guaranteed, in a writing signed by them, to the appellee, the payment of a certain judgment, in the Howard Circuit Court, of Howard county, Indiana, for the sum of eight hundred and $\frac{90}{100}$ dollars, on or before December 25th, 1875 ; and if said judgment was not paid on said day, the appellants agreed to pay the appellee an additional three per cent. thereon, from and after said December 25th, 1875, a copy of which written guaranty, as above set out, was filed with and made a part of said complaint ; that there was, by mistake, an omission of the words "fifty-five," in said contract of guaranty, between the words "eight hundred," and the words and figures "and $\frac{90}{100}$ dollars;" that the same should read "eight hundred and fifty-five and $\frac{90}{100}$ dollars," instead of as therein then found ; that it was the intention and agreement of both the appellants and the appellee, at the time said contract of guaranty was executed, that the said words "fifty-five " should be expressed and contained therein, as aforesaid, but that, by the mistake and oversight of all the parties thereto, the said words had been omitted therefrom ; that the appellee received the said judgment on the demands then held by him against the appellants, and gave them credit for the sum of $855.90 thereon, as agreed by

all the parties to said contract of guaranty; that said judgment was not paid on December 25th, 1875, as in said contract guaranteed, nor at any other time, but the same was due and wholly unpaid; and that the said contract of guaranty, and every part thereof, was due and unpaid. Wherefore the appellee demanded judgment for the correction of the alleged mistake in said contract of guaranty, and for twelve hundred and fifty dollars, and for other proper relief.

To this complaint the appellants demurred upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was overruled by the court, and to this decision the appellants excepted. They failed and refused to answer further, and the court rendered judgment against them for the amount found due under their contract of guaranty.

In this court, the appellants have assigned, as errors, the overruling of their demurrer to the complaint, and the alleged insufficiency of the facts stated in the complaint to constitute a cause of action.

Under these alleged errors, the only questions for our decision relate to the sufficiency of the appellee's cause of action, as stated in his complaint. In this connection, we will consider and pass upon such objections to the complaint as the appellants' counsel have directed our attention in their brief of this cause in this court.

The first point made by the appellants' counsel, in argument, is that, in and by their written contract, the appellants did not guarantee the payment of the judgment described therein, but only the payment of the interest thereon. We do not think that the contract is open to any such construction; but, if it were, the appellants' demurrer for the want of sufficient facts would not reach the objection. The facts alleged would show a cause of action in favor of the appellee, for the recovery

of the interest on the judgment, as well as of the judgment itself; and therefore, if counsel's construction of the contract were correct, the demurrer to the complaint would still have been properly overruled. We think, however, that the appellants, in and by their written contract, guaranteed the payment both of the judgment and of the interest which might accrue thereon.

The second objection urged to the complaint is, that it was defective in not making an offer to assign the judgment, mentioned in the contract, to the appellants. It is said by the appellants' counsel, that " equity will hardly allow the appellee a double payment of his claim." That is true ; but it is equally true, we think, that neither law nor equity would compel the appellee to surrender any security he might hold, until he had first obtained a single payment of his claim. Besides, it does not appear that the appellants would be entitled to an assignment of said judgment, even after the full payment of the appellee's claim against them. It did not appear to have been their judgment before it was assigned to the appellee. It was not assigned by the appellants to the appellee, but by a third person, not a party to this suit. It seems to us, therefore, that the second objection of the appellants' attorneys to the sufficiency of the complaint is not well taken.

The third and last objection to the sufficiency of the complaint, discussed by the appellants' counsel, is, that it is " fatally defective, in that it nowhere avers that appellants had notice of the non-payment of the judgment." It will be observed that the contract in suit in this action is a contract between the appellants and the appellee directly, in which contract the appellants undertook directly and personally with the appellee, that the judgment mentioned in the contract should be paid on or before a day certain, or, if not, that an additional percentage, in the nature of a

penalty, should be thereafter paid on said judgment, until it had been fully paid. It is very clear, we think, that the appellants' contract was not a collateral guaranty of the payment of the judgment described therein; but it was their direct personal undertaking to and with the appellee, that the judgment and interest should be paid, on or before the day specified therein, or, if not then paid, that an additional percentage should be paid from that day, until said judgment was fully paid. The contract of the appellants was an absolute and original contract on their part with the appellee, that the judgment described therein should be paid on or before a day certain, or, if not so paid, that an additional rate of interest should be paid from that day until such judgment was paid. Upon such a contract the law is settled, that notice of the non-payment of the judgment to the appellants was not necessary to bind them, or fix their liability, and therefore it was not necessary that the complaint should show that the appellants had notice of such non-payment. Story Promissory Notes, 167, sec. 147; *Burnham* v. *Gallentine,* 11 Ind. 295; *Watson* v. *Beabout,* 18 Ind. 281; *Studabaker* v. *Cody,* 54 Ind. 586, and cases therein cited; and *Cole* v. *The Merchants Bank, etc.,* 60 Ind. 350.

In conclusion, we hold that the appellee's complaint stated facts sufficient to constitute a cause of action, and that, therefore, the appellants' demurrer thereto was correctly overruled.

The judgment is affirmed, at the appellants' costs.