Shearer *v.* R. S. Peale & Company.

Filed Feb. 22, 1894.

———◆———

No. 1,048.

## Shearer *v.* R. S. Peale & Company.

Appellate Court Practice.—*Brief.*—*Argument.*—*What Errors Considered.*—The general rule is that an appellate tribunal will not go beyond the brief of the appellant in quest of errors which have not been pointed out, and the nature and extent of the argument in support of the alleged error depends largely on the character of the question sought to be presented, and must be left to the judgment of counsel, but assertions alone will not suffice.

Corporation.—*Complaint.*—*Corporate Existence.*—Where an action was brought in the name of R. S. Peale & Co., and the complaint does not show upon its face that R. S. Peale & Co. is not a corporation, or has not capacity to sue, the complaint is sufficient, it not being necessary for a corporation plaintiff to allege its corporate existence.

Contract.—*Guarantor.*—*When Immediately Liable on Default of the Principal.*—*Original Undertaking.*—*Demand.*—*Notice.*—An order in writing signed by "Arthur E. Cox, Agent," for certain books described therein, was indorsed as follows: "The above is indorsed by the undersigned, who, in consideration of the agent being allowed the time for payment herein indorsed, hereby guarantees payment of the amount within thirty days from the receipt of the shipment at the above named express or freight office. Notice of nonpayment by the agent is hereby waived.

"Robert A. Shearer."

*Held,* that the above agreement of guaranty is an original undertaking to pay, and not collateral, and that the guarantor was at once responsible on the failure of the principal to pay, and that neither demand of payment on the principal, nor notice of his default, is necessary before suing the guarantor.

DEMURRER TO EVIDENCE.— *When Should Be Overruled.*—A demurrer to evidence should be overruled if the evidence, however slight, against the demurring party, and all such reasonable inferences as may be drawn therefrom, are sufficient to make a case in favor of the opposing party.

From the Huntington Circuit Court.

*C. W. Watkins* and *Z. T. Dungan,* for appellant.

*J. B. Kenner* and *U. S. Lesh,* for appellee.

DAVIS, C. J.—An order in writing signed, "Arthur E. Cox, agent," was executed to appellee for certain books therein described. This order, before delivery to appellee, was indorsed in writing by appellant in the words following:

"The above is indorsed by the undersigned, who, in consideration of the agent being allowed the time for payment herein indorsed, hereby guarantees payment of the amount within thirty days from the receipt of the shipment at the above named express or freight office. Notice of nonpayment by the agent is hereby waived.

"(Signed)    ROBERT A. SHEARER."

The complaint is founded on said writing signed by appellant. It is alleged in the complaint, that the books, to the amount of $64.05, were duly sold and delivered to said Cox by appellee; that more than thirty days have elapsed since said delivery, and that payment has not been made, and that said account remains due and unpaid, "and that the defendant is liable on his contract for said amount."

There is no direct averment, that the writing so signed by appellant was accepted or acted upon by appellee, or that the books were sold or delivered to Cox on the faith or credit thereof, or that appellant had any notice that his said undertaking had been accepted, or that the books had been sold and delivered to Cox on the faith thereof or otherwise, except as hereinbefore stated.

A demurrer for want of facts was overruled to the complaint. The answer was a general denial.

The evidence shows that an agent of appellee, after the expiration of thirty days from the delivery of the books to Cox, presented to appellant a bill for the books, and demanded payment thereof, and that appellant then stated to the agent that Cox had received the books, and that the account therefor was all right and that he would pay the claim, but that he did not then have the money. He further said that Cox had given him one of the books as part pay for his board, and that Cox had delivered the books and received the money therefor and had then run off, and that he had not been square with him. A demurrer to the evidence was overruled and judgment was rendered against appellant.

Two errors are assigned:

1. That the court erred in overruling the demurrer to the complaint.

2. That the court erred in overruling the demurrer to the evidence.

The only argument in support of the first error is that appellant's "undertaking to pay was only collateral," and *Billingsley* v. *Dempewolf*, 11 Ind. 414, is cited in support of this proposition, and, further, that there is no allegation that R. S. Peale & Co. is a "partnership or that it is a stock company or corporation or an individual."

Counsel for appellee decline to discuss the first proposition because no attempt has been made to point out what, if any, material difference it makes whether the undertaking sued on was a collateral or an original one, and as to the next objection they urge that counsel for appellant should do more than make assertions, *i. e.*, they should state reasons in support of their contention, and, if necessary, cite authorities (*Smith* v. *McDaniel*, 5

Ind. App. 581; *Liggett* v. *Firestone*, 102 Ind. 514); but counsel for appellee insist that under the decision in *Wiles* v. *Trustees, etc.*, 63 Ind. 206, it was not necessary to aver that appellee was a corporation, a partnership, or an individual.

The reasons given in argument by counsel for appellant, in this case, are, it is true, exceedingly brief, but the specific points on which they rely are clearly stated, and in support of the first an authority is cited.

The points on which counsel,—especially for appellant,—rely, should be specifically and clearly stated in their briefs in this court, and, where necessary, the authorities in support thereof should be cited, and a brief thus prepared will ordinarily be sufficient to invoke the decision of the court thereon.

A mere assertion, that a certain ruling is wrong, or that a complaint is insufficient, or that an instruction is erroneous, is not argument, but when the specific point, in respect to which the ruling is said to be wrong, or the complaint is alleged to be insufficient, or the instruction is claimed to be erroneous, is stated, the nature and extent of the argument in support of such position, depends largely on the character of the question sought to be presented, and must, in the nature of things, be left to the judgment and discretion of counsel. No general rule applicable to all cases can be stated. It should, however, in this connection, be borne in mind, that, so far as the appellant is concerned, the general rule is that an appellate court will not go beyond his brief in quest of errors which have not been pointed out. *Martin, Sr.*, v. *Martin*, 74 Ind. 207 (210).

Also, that such brief must contain some argument or statement of the infirmity of the rulings relied upon for a reversal. *Acra* v. *Cornforth*, 4 Ind. App. 496.

We will, thereupon, consider the alleged infirmities in

the complaint, which have been pointed out, but as to any other defects in the complaint appellant must, under the long established rule, be held to have waived them, by failure to discuss them.

The second objection urged to the complaint is not well taken. It does not appear on the face of the complaint, that R. S. Peale & Co. is not a corporation, or that appellee had not capacity to sue, and, therefore, as the name is such as might probably be adopted by a corporation, R. S. Peale & Co. must be regarded, so far as the question here presented is concerned, as a corporation. *O'Donald* v. *Evansville, etc., R. R. Co.*, 14 Ind. 259.

It is the settled rule in this State, that a corporation may sue in its corporate name, and need not aver in the complaint how it became a corporation, nor that it is such. *Heaston* v. *Cincinnati, etc., R. R. Co.*, 16 Ind. 275.

If it appeared that R. S. Peale & Co. was a partnership it would then be necessary to set out the Christian and surname of the several members of the firm. *Bascom* v. *Toner*, 5 Ind. App. 229.

In this respect, under the authorities cited, the complaint is, in our opinion, sufficient.

The other objection presents a more serious question. The solution of this question depends upon the construction of the undertaking signed by appellant.

Ordinarily, guaranty is an undertaking that the debtor shall pay, and suretyship that the debt shall be paid. Am. and Eng. Encyc. of Law, vol. 9, p. 68.

In discussing a similar question in *Nading* v. *McGregor*, 121 Ind. 465, Judge Coffey, speaking for the Supreme Court, says:

"It is often a question of very great difficulty to determine whether a particular instrument of writing con-

stitutes a strict guaranty, or whether it constitutes an original undertaking. In a strict guaranty, the guarantor does not undertake to do the thing which his principal is bound to do, but his obligation is that the principal shall perform such act as he is bound to perform, or, in the event he fails, that the guarantor will pay such damages as may result from such failure. It is this feature which enables us to distinguish a strict or collateral guaranty from a direct undertaking or promise. So that when an instrument of writing resolves itself into a promise or undertaking on the part of the person executing it to do a particular thing which another is bound to do, in the event such other person does not perform the act himself, it is said to be an original undertaking, and not a strict or collateral guaranty. In the latter class of contracts the undertaking is in the nature of a surety, and the person bound by it must take notice of the default of his principal.''

In *Conduitt* v. *Ryan*, 3 Ind. App. 1, this court said: ''The contract of a guarantor is, in strictness, his own separate contract, and is collateral to that of the principal. Strictly speaking, the guarantor does not undertake to do the very thing which his principal is bound to do. It is rather in the nature of a warranty that the thing which the principal ought to do will be done, and in the event the principal fails the guarantor will himself thereafter answer for such failure. A guarantor answers for the default of his principal, while a surety is responsible at once on his direct promise to pay. A guarantor, unlike a surety, can not, as a general rule, be sued with his principal, inasmuch as his liability arises strictly from his individual contract. A contract, or undertaking of guaranty, may, however, be so worded as to be a direct and absolute engagement to pay, and not collateral; and, although when a contract of guar-

anty takes that form it is, in a sense, in the nature of suretyship, it is not a contract of suretyship in such sense as to be irrevocable.''

The following authorities support the foregoing propositions: *Wright* v. *Griffith*, 121 Ind. 478; *Burnham* v. *Gallentine*, 11 Ind. 295; *Studebaker* v. *Cody*, 54 Ind. 586; *Kline* v. *Raymond*, 70 Ind. 271.

These authorities support the proposition that where the contract of guaranty absolutely and unconditionally provides that the guarantor shall pay a given sum at a stated time, no demand of payment on the principal, or notice of his default, is necessary before suing the guarantor.

In this case, the order signed by Cox, and to which the undertaking signed by appellant was attached, was for books, as therein specified, to the amount of $64.05, and the undertaking expresses a contract definite and absolute in its terms, without condition or contingency, for the payment of that sum within thirty days from the receipt of the shipment by Cox. It was not an undertaking that Cox should pay, but the undertaking was that the debt should be paid.

The language in this case is, ''hereby guarantees the payment of the amount,'' and, in *Burnham* v. *Gallentine, supra,* the language was, ''I guarantee the payment of this note,'' and, in *Studebaker* v. *Cody, supra,* the language was, ''guarantee the payment of the same when due.''

Under the authorities cited, we are of the opinion that the agreement signed by appellant was an original undertaking, and that he was responsible at once on his direct promise to pay. *Frash* v. *Polk*, 67 Ind. 55; *Taylor* v. *Taylor*, 64 Ind. 356.

Moreover, if the contract in question was held to be one of guaranty, and if there was no waiver of notice

therein, it would not necessarily follow, under the decisions of the Supreme Court of this State, that appellee was required to aver or prove either notice of default on the part of Cox, or demand on appellant, before bringing suit. If loss results to the guarantor on account of a failure to give notice of the nonperformance of the contract guaranteed, the fact of loss and the failure to give notice constitute matters of defense. *Stanley* v. *Stanley*, 112 Ind. 143; *Ward* v. *Wilson*, 100 Ind. 52.

There was no error, on the .grounds alleged, in overruling the demurrer to the complaint.

The next question discussed brings in review the action of the trial court in overruling appellant's demurrer to the evidence.

The argument of counsel for appellant is based on the proposition that appellee, in order to recover, was required to prove "that the goods were shipped to Cox, and that he received them, and that he never paid for them," and it is contended that the evidence does not establish these facts.

It may be conceded that it was incumbent on appellee to prove that the goods had been shipped to and received by Cox more than thirty days prior to the institution of the suit, but if we are right in our construction of the contract, that it was an original undertaking to pay the debt, and if the burden rests on appellee, under the authorities cited, to prove nonperformance or nonpayment on the part of Cox, we can not say that the evidence does not tend to prove such nonperformance and nonpayment on the part of Cox.

It should, however, be borne in mind that on demurrer to the evidence the court is bound to accept as true all the facts which the evidence, however slight, tends to prove, and as against the party demurring all

such reasonable inferences as a jury might have drawn from the evidence. *Palmer* v. *Chicago, etc., R. R. Co.,* 112 Ind. 250; *Leavitt* v. *Terre Haute, etc., R. R. Co.,* 5 Ind. App. 513.

The evidence in relation to the shipment of the books, the receipt thereof by Cox, and his failure to pay therefor, is, indeed, in some respects slight, and depends largely on the inferences which may be reasonably drawn from the declarations and admissions of appellant, but there was no error, under the rule above enunciated, in overruling the demurrer to the evidence.

We find no error in the record.

Judgment affirmed.

Filed Feb. 16, 1894.