## WOODY v. HAWORTH.

[No. 3,146.    Filed May 17, 1900.]

BILLS AND NOTES.—*Indorsement.—Principal and Surety.—Guaranty.* —*Partnership.*—An indorsement of a promissory note by a firm in the words, "For value received, I guarantee the payment of the within note when due, and waive demand, notice of non-payment, and protest," constituted an original, direct, and absolute engagement, binding the signers thereof unconditionally to pay the note, and upon the failure of the makers to pay the note it became an indebtedness of the firm within the meaning of a contract of dissolution, whereby one of the partners agreed to pay the "indebtedness" of the firm.. *pp. 634-637.*

SAME.—*Indorsement.—Principal and Surety.—Partnership.*—An indorsement in blank of a non-negotiable promissory note by a firm at the time the note was executed made the partners whose firm name was so signed *prima facie* sureties or joint promisors, and was an indebtedness of the firm within the meaning of a contract of dissolution whereby one of the partners agreed to pay the "indebtedness" of the firm, in the absence of any contract showing the nature of the undertaking. *pp. 637, 638.*

From the Howard Superior Court.    *Affirmed.*

*J. E. Moore* and *F. Cooper*, for appellant.

*J. C. Blacklidge, C. C. Shirley* and *C. Wolf*, for appellee.

BLACK, J.—The appellant's complaint against the appellee contained four paragraphs. In the first it was shown, in substance, that on the 23rd of August, 1887, one John M. Ratcliff executed his promissory note, not negotiable in the commercial sense, to the firm of Whitley, Fassler & Kelley, for $65, due December 25, 1889, and the appellant and the appellee, who were partners, guaranteed the payment of the note by indorsement thereon in writing as follows: "For value received, I guarantee the payment of the within note when due, and waive demand, notice of non-payment, and protest. Woody & Haworth." It was alleged that at the maturity of the note the maker failed to pay it, or any part of it; that he then was, and still continued to be, notoriously insolvent, so that an execution

would have been unavailing; that the firm of Woody & Haworth had long since been dissolved, and an account of their co-partnership business had been adjusted and settled between the parties; that afterward, in January, 1892, the appellant was compelled to and did pay off to Whitley, Fassler & Kelley the total amount of the principal and interest on the note, being $83; that at the special instance and request of the appellee, the appellant paid off the appellee's one-half liability on the note, being $41.50, whereby the appellee became indebted to the appellant in that sum, which indebtedness, with interest thereon, was due and unpaid; that appellant had demanded payment of appellee, but no part had been paid.

In the second paragraph of complaint it was averred, in substance, that on the 31st of August, 1888, the appellant and the appellee and one Abraham Middleton were equal partners, etc.; that on that day one John B. Chapman executed his promissory note, not negotiable by the law merchant, to the Whitley Reaper Works, for $55, due December 25, 1890, and the appellant, the appellee, and said Middleton guaranteed the payment of said note when due by the indorsement in writing of their firm name across the back thereof, as follows: "Woody, Haworth & Middleton;" that at the maturity of the note the maker failed to pay it or any part of it; that he then was, and had since continued to be, notoriously insolvent, so that an execution would have been unavailing; that the firm of Woody, Haworth & Middleton was long since dissolved, and an account of the co-partnership business had been adjusted and settled between the partners; that afterward, in January, 1892, the appellant was compelled to, and did, pay off to the Whitley Reaper Works the total amount due on this note, being $66; that said Middleton then was, and ever since had continued to be, notoriously insolvent, so that an execution would have been unavailing; that he had failed to pay any part of said note; that at the special instance and request of the appellee the appellant paid off the appellee's

one-half liability on the note, being $33, whereby he became indebted to the appellant, etc.; demand and failure to pay being averred.

The third and fourth paragraphs of complaint were like the second, except that they related respectively to different notes of said Chapman.

A demurrer to the second paragraph of answer was overruled. In that pleading the appellee admitted the averments of the complaint charging the execution of the notes and their indorsement, and that the firms were comprised of the members named in the complaint; and it was alleged that on the 11th of April, 1890, the appellant and the appellee fully adjusted and settled all matters pertaining to their said partnership business, including any liability existing or contingent upon the indorsements of the notes described in the complaint; that by the terms of said settlement the appellant acquired all notes and accounts belonging to the then existing firm of Woody & Haworth, and agreed in consideration thereof, to assume, and did assume, all of said firm's indebtedness and liabilities, including that upon said indorsements; that said agreement was in writing, as follows: "Russiaville, Ind., April 11, 1890. This is to certify that J. L. Woody has this day bought all the notes and accounts that belong to Woody and Haworth, and I, J. L. Woody, will not hold L. J. Haworth accountable for the payment of any of said notes belonging to the above named firm; and I also agree to pay the indebtedness of said firm. J. L. Woody." It was further alleged that prior to the execution of said agreement said Middleton had retired from the firm, said Woody and Haworth assuming all liabilities of said Middleton as a member of the firm, including said notes. The dispute of counsel relates chiefly to the action of the court in holding this to be a sufficient answer, and the argument is directed particularly to the question as to the effect to be given to the word "indebtedness" in the instrument above set forth signed by the appellant; it

being claimed on behalf of the appellant that the liability of the parties to this action under the indorsements shown in the complaint was a merely contingent liability, and one which ought not to be regarded as included within the meaning of the word "indebtedness," as so used.

In a strict or collateral guaranty, the obligation of the guarantor is that the principal shall perform his undertaking, or, if he fail, that the guarantor will pay the resulting damages; but, when the promise of the guarantor is to do what another is bound to do if he shall not do it himself, this is not a strict or collateral guaranty, but is distinguished as an original undertaking, in the nature of suretyship. *Nading* v. *McGregor*, 121 Ind. 465, 470, 6 L. R. A. 686.

The undertaking indorsed upon the note of Ratcliff, stated in the first paragraph of complaint, was an original direct, and absolute engagement, binding the signers thereof unconditionally to pay the note. This distinction between such an undertaking and a strict or collateral guaranty has been pointed out and illustrated often in the reports of this State, and the subject has been so fully discussed that we need only cite some of the many cases in which it is involved. See *Burnham* v. *Gallentine*, 11 Ind. 295; *Sample* v. *Martin*, 46 Ind. 226; *Studabaker* v. *Cody*, 54 Ind. 586; *Frash* v. *Polk*, 67 Ind. 55; *Milroy* v. *Quinn*, 69 Ind. 406, 35 Am. Rep. 227; *Furst, etc., Co.* v. *Black*, 111 Ind. 308; *Wright* v. *Griffith*, 121 Ind. 478, 6 L. R. A. 639; *Conduitt* v. *Ryan*, 3 Ind. App. 1; *Shearer* v. *Peale*, 9 Ind. App. 282; *Lane* v. *Mayer*, 15 Ind. App. 382; *Newcomb, etc., Co.* v. *Emerson*, 17 Ind. App. 482.

The indorsements set forth in the paragraphs of the complaint, other than the first, were indorsements in blank in the firm name, made at the time of the execution of the notes, which were not negotiable by the law merchant; the indorsers not being parties to the notes, or related thereto otherwise than through their indorsements, whereby, it is alleged as to each of such indorsements, the indorsers

"guaranteed the payment of said note when due." Where the note so indorsed is negotiable by the law merchant, the rule of law established in this State is that the stranger so writing his name upon the back of the paper, in the absence of extraneous explanatory evidence as to his relation to the paper, thereby assumes, as between himself and the payee, the liability of a first indorser. *Pool* v. *Anderson*, 116 Ind. 88, 1 L. R. A. 712. But where the note so indorsed by one not otherwise a party to it, at or prior to the time of its inception, without any express contract defining the nature and extent of his undertaking, is a note not negotiable by the law merchant, the person so signing his name upon the back thereof will be held as a surety or joint promisor upon the note. See *Pool* v. *Anderson, supra,* which reasserts the rule laid down in *Wells* v. *Jackson,* 6 Blackf. 40. See, also, *Kealing* v. *Vansickle,* 74 Ind. 529, 39 Am. Rep. 101; *DePauw* v. *Bank of Salem,* 126 Ind. 553, 10 L. R. A. 46.

It is not needed that we examine and decide the question whether the contingent liability of one whose engagement is a collateral guaranty, or is the undertaking of one bound as an indorser of commercial paper, is an indebtedness properly so called, and within the meaning of that word in the instrument signed by the appellant and set up in the second paragraph of reply, inasmuch as the indorsement mentioned in the first paragraph of complaint was an original and absolute engagement of the signers thereof (the appellant and the appellee). to pay the note on which it was indorsed, and the indorsements mentioned in the other paragraphs of complaint made the partners whose firm name was so signed *prima facie* sureties or joint promisors, and it was not shown that by any of these indorsements a contingent liability was created.

Under the assignment that the court erred in overruling the appellant's motion for a new trial, some matters occurring upon the trial are mentioned in argument, without

much observance of the rules relating to briefs in this court. The matters thus suggested are of such elementary character that no useful purpose could be served by discussing them. We do not find any available error.

Judgment affirmed.